[Civ. No. 296. Fourth Appellate District.—April 30, 1932.]

PEOPLES DITCH COMPANY et al., Appellants, v. FOOT-
HILL IRRIGATION DISTRICT et al., Respondents.

W. R. Bailey and H. Scott Jacobs for Appellants.

A. E. Chandler, Guy Knupp, R. C. Leib and Sidney J. W. Sharp for Respondents.

JENNINGS, J.—This appeal is from two orders of the Superior Court of Kings County. The first of these orders is entitled "Order to Correct Minutes", made and entered on November 12, 1929, whereby the said court directed that its minutes should be corrected *nunc pro tunc* as of November 8, 1928, to show that the court ordered the court reporter to prepare a daily transcript of the evidence given in the case and that the expense of preparing such transcript should be paid equally by the parties to the suit, all amounts paid by the party to whom costs should be awarded to be taxed as costs of the action. The second order from which the appeal is taken is an order whereby the court denied a motion of plaintiffs to tax costs in the action and to strike from the files of the court defendants' memorandum of costs.

The trial of the action was commenced on November 8, 1928, and on August 26, 1929, the court rendered its judgment wherein it is ordered and decreed that defendants have and recover two-thirds of their costs and disbursements incurred in the action. On August 27, 1929, defendants served upon plaintiffs and filed with the court their memorandum of costs. On August 28, 1929, plaintiffs served upon defendants and filed in the action a notice of motion to strike from the records of the action the memorandum of costs theretofore filed by defendants and on the same day served upon defendants and filed with the court a motion to tax the costs of defendants by striking from the memorandum of costs filed by defendants various items, chief among which were items of expenses incurred by defendants by reason of the preparation of the three copies of the daily transcript by the court reporter. The motions of plaintiffs to strike the memorandum of costs filed by defendants from the records and to tax the costs of defendants by striking various items from such memorandum of costs came on for hearing on October 7, 1929, at which time counsel for defendants applied to the court to make an order *nunc pro tunc* as of November 8, 1928, directing the preparation of a daily transcript by the court reporter and providing that the expense of preparing such transcript should be paid equally by the parties and charged as costs of suit. Following the production of evidence with reference to what occurred in the presence of the court on November 8, 1928, the application of counsel for defendants was granted and the court made and entered its *nunc pro tunc* order as hereinabove stated.

It is conceded by the parties to this appeal that the statute applicable to the situation herein presented is section 274 of the Code of Civil Procedure. On November 8, 1928, that portion of the section which is pertinent to the question herein presented for determination read as follows: "In civil cases, the fees for reporting and for transcripts *ordered by the court* to be made must be paid by the parties in equal proportions, and either party may, at his option, pay the whole thereof; and in either case all amounts so paid by the party to whom costs are awarded must be taxed as costs in the case." (Italics ours.)

 From the above-quoted language of the statute it is clear that it is a condition precedent to the inclusion in an award of costs of the fees of the court reporter for the preparation of a transcript that the court shall have ordered it to be prepared (*Barkly* v. *Copeland,* 86 Cal. 493 [25 Pac. 3] : *City of Los Angeles* v. *Pomeroy,* 124 Cal. 597, 647 [57 Pac. 585] ; *Senior* v. *Anderson,* 130 Cal. 290, 300 [62 Pac. 563] ). It has been decided that a verbal direction by the court to the reporter to prepare a transcript is a sufficient compliance with the statutory requirement (*Taylor* v. *McGonigle,* 120 Cal. 123 [52 Pac. 159] ). The record of the proceedings, which is presented in the form of a bill of exceptions, discloses that neither the court nor the reporter had any independent recollection of an order having been made by the court for the preparation of a transcript. The language of the court, in announcing his decision to allow the costs claimed by defendants as modified in certain particulars, shows that the court considered that if counsel representing the respective parties agreed in open court that the expense of preparing the transcript should be shared equally by plaintiffs and defendants and the court assented to the arrangement thus made without expressly directing the transcript to be prepared, such procedure constituted sufficient compliance with the statutory requirement that the transcript be ''Ordered by the Court''. It is at least doubtful if the view thus expressed is correct. Nevertheless, neither the court's opinion nor its reason for making the order is important. That which is important is whether the court ordered the transcript. This was a question of fact. The court found that there was such an order. In accordance with a rule of appellate procedure, than which there is none more conclusively established, if the record contains any evidence that tends to support a finding of fact made by a trial court, such finding will not be disturbed. The evidence, other than that of the reporter and the pronounced statement of the court that he possessed no distinct recollection in regard to the matter, consisted of statements made by various counsel who had appeared in the case. It was stipulated that these statements should be regarded as being made under oath and they therefore constituted testimony in the proceeding before the court. The testimony thus given was characterized by much vagueness with respect to

the fact important to be discovered, viz.: Whether the court directed the preparation of a transcript. As to this important fact it was, moreover, irreconcilably conflicting. Careful reading does, however, disclose the presence of some evidence pointing to the fact that the court did order a transcript to be prepared. The court's finding expressed in the *nunc pro tunc* order that it had originally ordered a transcript to be prepared cannot be said to be entirely lacking in evidentiary support and in accordance with the rule above stated must stand (*Brush* v. *Pacific Elec. Ry. Co.*, 58 Cal. App. 501 [208 Pac. 997]).

■ The contention is made that the order to correct the court's minutes was a judicial afterthought and its effect was not therefore the correction of a mere clerical misprision. The power of a court of record to cause its acts and proceedings to be correctly set forth in its records is a power that is inherent to the very existence of the court. (*Kaufman* v. *Shain*, 111 Cal. 16 [52 Am. St. Rep. 139, 43 Pac. 393]; *King* v. *Emerson*, 110 Cal. App. 414 [288 Pac. 1099, 294 Pac. 768].) Such power is obviously necessary to the full and proper exercise by the court of those functions for which it is created. The clerk of the court is an assistant whose principal duty it is to make a correct memorial of the court's orders and directions. Whenever it is made to appear that the clerk's record does not correctly show the order or direction which was in fact made, the court's authority to cause its records to be corrected in accordance with the facts is undoubted. (*Kaufman* v. *Shain, supra.*) The court may not, however, under the guise of correcting a clerical omission, correct judicial error. (*Haynes* v. *Los Angeles R. R. Corp.*, 80 Cal. App. 776 [252 Pac. 1072].) If, therefore, in this case the court did not in fact order the reporter to prepare a transcript, its later order made under the guise of a correction of its records whereby for the first time it recorded the existence of an order that had not been made would amount to an attempted correction of judicial error and such an order would be unauthorized and therefore clearly vulnerable to the direct attack made upon it by this appeal. (*Drinkhouse* v. *Van Ness*, 202 Cal. 359 [260 Pac. 869].) But as the court found that it had in fact ordered the preparation of the transcript and that through inadvertence its records contained no reference to the order, authority to

correct the records so that they should correspond with the facts and show the making of the order was not lacking, although, manifestly, the record did not show on its face that it was incorrect. (*Kaufman* v. *Shain, supra; Lauchere* v. *Lambert,* 210 Cal. 274 [291 Pac. 412].)

It is also contended that the power of the court to correct its records was subject to the limitations imposed by section 473 of the Code of Civil Procedure and that the order from which this appeal was taken having been made without notice to the parties adversely affected thereby and more than six months after the court verbally ordered the preparation of the transcript was void. This contention may not be sustained. Clerical errors or omissions can be corrected at any time and are in no way affected by the provisions of section 473 of the Code of Civil Procedure. (*In re Skerrett,* 80 Cal. 62 [22 Pac. 85]; *Lauchere* v. *Lambert, supra; Haynes* v. *Los Angeles R. R. Corp., supra.*)

A further contention made is that the memorandum of costs filed by defendants was prematurely filed and that the court erred in refusing to grant the motion to strike it from the files and records of the case. It is pointed out that the trial court in its findings and by its judgment expressly reserved to itself the power and jurisdiction to find and determine the facts as to the result of operations proposed to be undertaken by defendants in a certain well field, designated the Conejo well field, together with the right to grant to plaintiffs such relief by way of injunction as the court might determine to be necessary to protect the water rights of plaintiffs against interference, damage or invasion by defendants by reason of said operations. It is urged that the express reservation thus made indicates that the court's judgment was not a final determination of the rights of the parties but was in reality an interlocutory judgment and therefore under the well-established rule that costs follow only the ultimate determination of the action the filing of the memorandum of costs and the awarding of costs was premature. The contention thus made is not new. It was presented to this court on a motion made by defendants to dismiss an appeal taken from an order of the trial court denying to plaintiffs an injunction *pendente lite.* Pending the denial of the application for the temporary injunction and the presentation of the appeal from the order of denial, a trial was had

upon the merits resulting in the rendition of the judgment in which the court made the reservation hereinabove mentioned. In support of the motion for dismissal of the appeal, defendants contended that the issues presented by the appeal had become moot by reason of the trial and judgment rendered. Plaintiffs contended in opposition to the motion that as the trial court had made the express reservation mentioned, the judgment rendered was not final but was merely interlocutory. This contention of plaintiffs was not sustained, the court holding that the judgment was final as it determined all issues raised by the pleadings under the facts as they then existed. A petition to have the cause heard in the Supreme Court was denied. It has, therefore, been conclusively determined in this very case that the judgment rendered by the court was a final judgment. (*Peoples Ditch Co.* v. *Foothill Irr. Dist.*, 103 Cal. App. 321 [284 Pac. 514].)

■ It is finally urged by plaintiffs that, as they were successful in recovering part of the relief sought by them, they were entitled to have costs awarded to them and the court erred in awarding costs to defendants. Plaintiffs have heretofore presented this exact contention in their appeal from the judgment. It was decided adversely to them by this court and a petition to have the cause heard in the Supreme Court was denied. (*Peoples Ditch Co.* v. *Foothill Irr. Dist.*, 112 Cal. App. 273, 278 [297 Pac. 71].)

■ Nothing herein stated is to be construed as deciding that the herein quoted language of section 274 of the Code of Civil Procedure, as this section read on November 8, 1928, does not make it mandatory upon the trial court to tax as costs in the case all amounts paid by the party to whom costs are awarded for the preparation of a transcript ordered by the court. In this case the court allowed two-thirds of such amounts paid by defendants to be taxed as costs. No objection was made to such allowance by defendants and the opinion affirming the court's order is therefore given without regard to the point suggested, viz.: That the court should have allowed as costs to defendants the entire amount paid by them for the preparation of the transcript.

The orders appealed from are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 28, 1932.