[Civ. No. 26976. Second Dist., Div. Three. May 21, 1963.]

JOSEPH W. FAIRFIELD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; EVERT L. HAGAN, Real Party in Interest.

Joseph W. Fairfield, in pro. per., and Ethelyn F. Black for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Jesse A. Hamilton for Real Party in Interest.

FORD, J.—The petitioner seeks a writ of prohibition to restrain the superior court from proceeding in accordance with an order whereby the action of *Joseph W. Fairfield* v. *Jesse A. Hamilton et al.*, "and each, every and all proceedings pending between any of the parties" was transferred by the presiding judge to the Honorable Alfred Gitelson "for all further proceedings under rule 4, section 18, of the Rules of the Superior Court of Los Angeles County." The petitioner contends that effect should be given to his affidavit filed pursuant to section 170.6 of the Code of Civil Procedure.[1]

In February of 1961, after a trial by jury, a judgment was entered in favor of the plaintiff Fairfield, petitioner herein, and against the defendants Hamilton and Hagan. On March 20, 1961, the motion of the defendant Hagan for a new trial was granted. The plaintiff filed a notice of appeal from that order on March 28, 1961. The order was affirmed on August 8. 1962. (*Fairfield* v. *Hamilton*, 206 Cal.App.2d 594 [24 Cal.Rptr. 73].)[2] Since a judgment of nonsuit in favor of the defendant Ahlstrom was also affirmed on appeal and since the judgment as to the defendant Hamilton has become final,

---

[1] "'The section in question only requires the affidavit in support of the motion to state that the judge before whom the trial is pending is prejudiced against either the party or his attorney, or the interest of such party or his attorney so that affiant cannot or believes he cannot have a fair and impartial trial or hearing before such judge. (Code Civ. Proc., § 170.6, subd. (5).) No facts are required to be set forth supporting the charge of prejudice and the affidavit is sufficient if there is only a belief as to the existence of prejudice *even though it may not in fact exist*." (Italics added.) (*Eagle Maintenance & Supply Co.* v. *Superior Court*, 196 Cal.App.2d 692, 694 [16 Cal. Rptr. 745].)

[2] In the opinion of the appellate court the nature of the litigation was described as follows (206 Cal.App.2d, at page 596): "On July 7, 1958, Joseph W. Fairfield, appellant, brought this action in two counts against Jesse A. Hamilton, Evert L. Hagan, Charles M. Farrington, Matthew W. McClean, and Robert O. Ahlstrom, alleging that they (1) had combined and conspired to defame and injure him, and, in pursuance of a preconceived plan, had prepared and mailed false and defamatory letters; and (2) had filed such legal proceedings against him as amounted to a malicious abuse of process. McClean was not served. Appellant and Farrington executed a covenant in which appellant covenanted not to sue Farrington further in the action. The action went to trial before a jury against the defendants Ahlstrom, Hagan and Hamilton."

the only parties as to whom the issues remain undetermined are the plaintiff and the defendant Hagan.

The petitioner attacks the validity of action taken by the superior court during the pendency of the appeal heretofore mentioned. He states: "It is contended that [on July 24, 1961] the Hon. Louis Burke, Judge Presiding in Dept. 1, assigned the said cause . . . to the Hon. Alfred Gitelson . . . for all purposes. The file does not contain any such minute order and none of the parties ever received a copy of any such notice of said minute order.[3] . . . The Hon. McIntyre Faries, Judge Presiding in Dept. 1, entered [on August 2, 1962] a nunc pro tunc order as of July 24, 1961, assigning this cause to Judge Alfred Gitelson . . . for all further proceedings. . . ."[4]

On November 20, 1962, after the remittitur had been issued by the appellate court, the petitioner filed "a declaration of bias and prejudice" pursuant to section 170.6 of the Code of Civil Procedure for the purpose of disqualifying Judge Gitelson from hearing any matter in the case. On November 28, 1962, the petitioner made a motion in department 1 of the superior court that the court reconsider its order of August 14, 1962, denying the petitioner's motion to vacate the minute order of August 2, 1962, and that the court give effect to his affidavit of prejudice. In his petition, he states: "Upon the argument of this motion Judge McIntyre Faries stated that he was advised by Judge Gitelson that immediately prior to July 24, 1961, he had received a telephone call from Judge Burke asking Judge Gitelson whether he would have any objection to referring the cause of *Fairfield* v. *Hamilton* to him

[3]The petitioner admits that he received "a lengthy letter from Judge Alfred Gitelson dated September 8, 1961, and addressed to your petitioner and Hagan, [in which] reference is made to numerous actions pending and concerning your petitioner with Hagan, Hamilton et al.," including the case herein involved, and in which letter Judge Gitelson made inquiry as follows: "Until the determination of the appeal, no further proceedings may be had herein? Should not the matter be continued until the remittitur be received from the Appellate Court?"

[4]The order was as follows: "It appearing to the court that an order was made by the Presiding Judge in Dept 1 on July 24, 1961 transferring the above entitled action to Judge Alfred Gitelson in Dept 19 for all further proceedings under rule 4, section 18, of the Rules of the Superior Court of Los Angeles County; and it further appearing that through inadvertence, no minute order was actually made on said date in Dept 1, it is therefore ordered that the above entitled action and each, every and all proceedings pending between any of the parties be transferred to Judge Alfred Gitelson in Dept 19 for all further proceedings under rule 4, section 18, of the Rules of the Superior Court of Los Angeles County. It is further ordered that this order be entered nunc pro tunc as of July 24, 1961."

for all purposes, and that upon receiving an affirmative answer, the minute order of July 24th was prepared.'' In the petition it is further stated that on November 28, 1962, the ''motion for reconsideration to vacate the order of July 24, 1962, and August 2, 1962 and to recognize the affidavit of disqualification under Code of Civil Procedure section 170.6 was denied.''

While the appeal was pending, the superior court was not deprived of all power with respect to the case. As stated in *Ingrao* v. *Karsten,* 94 Cal.App.2d 517 [211 P.2d 41], at page 521: ''When an appeal is perfected it stops all further proceedings in the court below upon the judgment appealed from or upon matters embraced therein. However, the superior court may proceed upon any other matter covered by the action and not affected by the order appealed from.'' (See also *Huskey* v. *Berini,* 135 Cal.App.2d 613, 617 [288 P.2d 43]; *Hallam Cooley Agency, Inc.* v. *Superior Court,* 30 Cal.App.2d 20, 22 [85 P.2d 457].) Consequently, it was within the jurisdiction of the presiding judge of the superior court to assign all further proceedings in the case to a particular judge although the appeal was pending. It is a fair inference from the petition that similar action was concurrently taken with respect to other actions pending between the same parties, the purpose of the court being to achieve more effective judicial disposition of the litigation.

The allegations of the petition further show that there was a substantial basis for the conclusion that an order assigning the cause to Judge Gitelson with respect to further proceedings had been made on July 24, 1961, but that such order had not been entered in the minutes because of clerical error. The court had inherent power to correct such error, as it did by the order of August 2, 1962. (See *Peoples Ditch Co.* v. *Foothill Irr. Dist.,* 123 Cal.App. 257, 261 [11 P.2d 86].) The power to make the correction *nunc pro tunc* existed even though the record did not disclose that any written order had ever been entered which could be subject to correction. (*Hess* v. *Gross,* 56 Cal.App.2d 529, 531 [133 P.2d 1]; *Peoples Ditch Co.* v. *Foothill Irr. Dist., supra,* 123 Cal. App. 257, 261-262.)

But under the circumstances presented in this case, after the assignment of the matter to Judge Gitelson the petitioner was still free to assert the right afforded him by section 170.6 of the Code of Civil Procedure. At the time of such assignment no particular motion or other matter connected

with the case appears to have been pending before the superior court. The case could not be reset for trial until the determination of the appeal. In November 1962, when the petitioner made known his claim of disqualification, his action was taken timely.[5]

In its return to the petition the respondent court seeks to avoid a determination that the petitioner's proceedings pursuant to section 170.6 were effective. It is stated that in December 1961, while the appeal was pending, Judge Gitelson heard and determined a contested matter between the parties to the action; that matter was based upon an order to show cause why a receiver should not be appointed. However, the record discloses that the petitioner sought a receiver in order to facilitate the satisfaction of a judgment for $250 rendered in September of 1959 in favor of the petitioner and against the defendant Farrington.[6] Respondent asserts that petitioner could not proceed under section 170.6 of the Code of Civil Procedure after Judge Gitelson had "heard and determined a contested phase of the case." Reliance is placed on the following excerpt from *People* v. *Smith*, 196 Cal.App.2d 854 [17 Cal.Rptr. 330], at page 859: "We construe it to be

---

[5]Section 170.6 of the Code of Civil Procedure is in part as follows: "Where the judge assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. In no event shall any judge entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be."

[6]The minutes of department 33 of the superior court for September 18, 1959, embody the order of Judge Crum in this case and are as follows: "Motion of defendant to compel plaintiff to answer questions upon deposition, heretofore submitted Sept. 8, 1959, is ruled upon as follows: 'Motion of defendant Charles M. Farrington to compel plaintiff to answer questions on deposition or to strike amended complaint as to defendant Charles M. Farrington is denied in toto.

'The Court finds that the motion was made without any substantial justification and now orders defendant Farrington to pay to plaintiff, pursuant to Code of Civil Procedure section 2034, subdivision (a), the sum of $250.00 Attorney's fees, which sum the Court finds to be reasonable and which sum shall not be taxable as costs.'"
The minute order was entered by the clerk on September 22, 1959.

the intent of the Legislature that where a litigant has not previously exercised his privilege under 170.6 he may do so in a proceeding supplemental to the original action as to a judge *other than any judge who has previously heard any phase of the matter. . . ."* (Italics added.) But the petitioner's proceeding to collect the Farrington judgment was a matter entirely foreign to the issues which were pending and undetermined between the petitioner and the defendant Hagen after the rendition of that judgment in September 1959. To permit the petitioner's acquiescence in the hearing and determination of that matter by Judge Gitelson to be a bar to the assertion of a disqualification as to the substantial matters thereafter independently pending between petitioner and the defendant Hagen would be to ignore the governing law that section 170.6 of the Code of Civil Procedure is to be fairly applied so as to achieve its beneficent purpose. ■ As this court stated in *Eagle Maintenance & Supply Co.* v. *Superior Court, supra,* 196 Cal.App.2d 692, at page 695: "We believe the section should be liberally construed with a view to effect its objects and to promote justice."

Let the peremptory writ issue.

Shinn, P. J., and Files, J., concurred.