[Civ. No. 41602. Second Dist., Div. One. Mar. 30, 1973.]

JERRY SAMBRANO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Barry Tarlow and Lorne B. Dubin for Petitioner.

John D. Maharg, County Counsel, and Jeffrey H. Nelson, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

## Opinion

**THOMPSON, J.**—This is a petition for a peremptory writ of mandate to require the trial court to grant petitioner's motion to disqualify a trial judge pursuant to Code of Civil Procedure section 170.6. We order that the writ be issued.

On July 5, 1972, the supervising judge of the Northeast District of the Los Angeles Superior Court issued two memoranda directing the manner of calendaring criminal matters in the district. One memorandum to the presiding judge of the municipal court states in pertinent part: "Beginning July 10, 1972, all defendants bound over to Northeast District Superior Court will be assigned directly to their trial courts rather than to a Master Calendar Court. This assignment will be made by the Municipal Court Judge or Commissioner before whom the defendant has had a preliminary hearing or has made a certified plea of guilty. [Par.] The Municipal Court will receive the department and date of Superior Court arraignment by calling the Arraignment Clerk in the office of the Superior Court Criminal Courts Coordinator . . . however, the final responsibility, authority and supervision for the calendar management shall remain with the Supervising Judge, Northeast District . . . [Par.] All motions of prejudice under C.C.P. 170.6 shall be made im-

mediately in the Superior Court department to which the case is assigned at the time of arraignment." The second memorandum directed to all judges hearing criminal cases in the northeast district of the superior court parallels the first, adding that all cases except complex matters involving trial estimates in excess of 10 days will be assigned in "strict rotation."

On November 14, 1972, petitioner appeared at a preliminary hearing before a judge pro tempore of the municipal court sitting as a magistrate. Charged with violations of Health and Safety Code sections 11530 and 11531, he was committed for trial in the superior court. Pursuant to the memoranda of July 5, petitioner was ordered to appear for arraignment in department F of the northeast branch on November 28. Petitioner appeared for arraignment as ordered and was arraigned with trial set for January 26, 1973. On January 18, petitioner filed a declaration to disqualify the judge sitting in department F, satisfying the requirements of Code of Civil Procedure section 170.6. The sitting judge, following the dictates of the memorandum of July 5, treated the declaration as untimely and disallowed it for that reason.

On January 24, petitioner filed his petition for alternative writ of mandate commencing the matter at bench. We issued our alternative writ and our order staying proceedings until we had acted on it. We conclude that petitioner's declaration, pursuant to Code of Civil Procedure section 170.6, was timely and accordingly issue a peremptory writ of mandate directing the trial court to honor the motion.

Code of Civil Procedure section 170.6 provides in pertinent part: "Where the judge or court commissioner assigned to or who is scheduled to try the cause or hearing the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. . . . In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be."

Speaking through Mr. Justice Sullivan, the Court of Appeal has capsulized the time of filing requirements of Code of Civil Procedure section 170.6 in *Andrews* v. *Joint Clerks etc. Committee,* 239 Cal.App.2d 285 [48 Cal.Rptr. 646]. *Andrews* states: "Excepting those situations involving the trial of a cause appearing on a master calendar, where the judge assigned or scheduled to try the cause or hear the matter is known at least

10 days before the trial or hearing date, the motion must be made at least five days before that date . . . ." (239 Cal.App.2d at p. 294.)

Here the cause did not appear on a master calendar. The Northeast Branch of the Los Angeles Superior Court is the creature of Government Code section 69641 authorizing branch courts in Los Angeles County. "Distribution of business" in that branch is therefore governed by local rule. (Rule 245(b), Cal. Rules of Court.) The local rule here operative does not encompass a master calendar in the processing of criminal matters in the northeast district. A master calendar in criminal cases is a department to which all informations, accusations, and other criminal proceedings are, upon filing, automatically assigned, and from which, upon a plea other than a plea of guilty, the case is assigned a trial date and transferred to a trial department. (Rule 248, Cal. Rules of Court.) By the procedure applicable in the case at bench, the information was assigned directly to a trial department by a clerical rotation. Moreover, the memorandum establishing the method of assignment specifically provides that criminal matters will be so assigned "rather than to a Master Calendar Court."

■ Thus, the time limit for the filing of petitioner's motion to disqualify the trial judge is that established by Code of Civil Procedure section 170.6 for causes not appearing on a master calendar. Since the trial judge was known at least ten days before the date set for trial, the motion could be filed at any time up to and including five days before trial. Here it was filed eight days before the date set for trial and was therefore timely.

Respondent argues that the memoranda of July 5 establishing the procedure of assignment of criminal matters in the northeast district specifically requires that motions of prejudice, pursuant to Code of Civil Procedure section 170.6, be made in the assigned trial department at the time of arraignment. Those memoranda, however, cannot validly change the requirements of a statute or limit the rights granted by it. To the extent that the memoranda purport to do so, they are ineffective. Respondent contends, also, that the matter at bench is governed by the portion of Code of Civil Procedure section 170.6 which states, "In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be." That contention fails because the trial here involved is one specifically covered in section 170.6, a trial not assigned through a master calendar. ■ Finally, respondent argues that, despite the manner of assignment here employed, petitioner's motion pursuant to section 170.6

was untimely because he knew long in advance of the identity of the trial judge. However, it is the statutory limit and not the period of the party's knowledge that controls. (*Eagle Maintenance & Supply Co.* v. *Superior Court,* 196 Cal.App.2d 692 [16 Cal.Rptr. 745].)

The effort of the Northeast Branch of the Los Angeles Superior Court to expedite its business and improve its performance by the adoption of innovative and efficient methods of calendar management is one which merits praise not criticism. By this opinion, we in no way disapprove that effort except to the extent that the present language of Code of Civil Procedure section 170.6 allows motions to disqualify, pursuant to its provisions, to be made within the times permitted in matters not passing through a master calendar. If that language inhibits effective calendar management, as it very well may, the matter is one for the Legislature and beyond our control.

Let the peremptory writ of mandate issue directing the respondent court to honor as timely filed petitioner's motion to disqualify the trial judge filed pursuant to Code of Civil Procedure section 170.6.

Wood, P. J., and Lillie, J., concurred.