[Civ. No. 43055. Second Dist., Div. Four. Nov. 21, 1973.]

CARLOS ALBERTO VILLARRUEL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

David C. Marcus for Petitioner.

John H. Larson, County Counsel, and Dwight V. Nelson, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**FILES, P. J.**—This original proceeding was brought in this Court to prohibit the superior court from trying the case entitled People v. Villarruel before a judge who allegedly had been disqualified under Code of Civil Procedure section 170.6. The sole issue is the timeliness of the motion for disqualification made by the defendant in that case, who is petitioner here.

On May 2, 1973, defendant was arraigned on an information and pleaded not guilty in department F of the east district of the superior court, where Judge Firth was presiding. Pretrial conference was set for May 16 in the same department.

On May 16 defendant waived "time for trial" and the pretrial was continued to May 31, and again to June 7.

On June 7 Judge Firth, sitting in department F, ordered the case set for trial July 24 in department R of the east district.

On July 24 there was a hearing in department R, where Judge Goebel was then presiding. On defendant's motion the trial was continued to October 15, 1973.

On October 3, 1973, defendant filed in the superior court a declaration under penalty of perjury that Judge Goebel was prejudiced against defendant so that he believed he could not have a fair and impartial trial before that judge. Judge Goebel thereupon made the following order:

"Declaration under Section 170.6 C.C.P. is stricken as not timely filed pursuant to 170.6 C.C.P. because the East District of the Superior Court of Los Angeles was operating under a Master Calendar Department prior to filing of the information, and has at all times up to the present time been operating under a Master Calendar system."

On October 15, 1973, defendant filed his petition in this court seeking a writ to prohibit a trial of his case before Judge Goebel, and this court issued its alternative writ of prohibition.

The return filed on behalf of the respondent court includes a declaration by Judge Robert Firth which sets forth the following additional facts: Judge Firth is the supervising judge of the East District of the Los Angeles Superior Court and, since February 26, 1973, a "master calendar system" has been in effect there. All defendants bound over by the municipal court are ordered to appear in department F for arraignment and plea. If a plea of not guilty is received, a pretrial is conducted in department F. If the matter is not disposed of at pretrial, it is then set down for trial in one of several trial departments on a date certain. Motions preliminary to trial, such as motions under either section 995 or 1538.5 of the Penal Code or for discovery, are calendared thereafter by counsel on noticed motion in the trial department to which the case has been assigned.

The critical language in section 170.6 is in the second and third sentences of subdivision (2): ". . . Where the judge or court commissioner assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. . . ."

The question here to be decided is whether the 10-day-5-day provision of the second sentence applies (as defendant contends) or whether the master calendar provision of the third sentence governs (as the respondent court assumed).

The requirement that the motion be made at least five days before the trial was the Legislature's way of accommodating the conflicting needs of

the litigant and the court.* Where a case is assigned in advance to a trial department (as was done here) the litigant will not know with certainty what judge will be sitting in that department on the appointed day. Even though judges are ordinarily assigned to departments for fixed periods, changes sometimes occur with little or no advance notice because of illness, vacations, or a need for the judge to serve elsewhere. Thus, a litigant normally will want to delay his motion either because of doubt as to what judge may be sitting in the assigned department on the scheduled date, or because he may later learn something about the judge which will affect his opinion as to whether the motion should be made. (See *Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal.App.2d 692, 694 [16 Cal.Rptr. 745].)

On the other hand, the disqualification of a trial judge will require a reassignment of the case to another judge, with the potential for delaying proceedings and inconveniencing the court as well as other litigants. To mitigate this potential hardship, the Legislature required that the motion be made at least five days in advance of the hearing date.

The Legislature was also aware that the five-day rule could not operate satisfactorily when a case was assigned from a master calendar operating under rule 223 of the California Rules of Court (formerly rule 10 of the 1949 Rules for Superior Courts).[1] The characteristics of such a master calendar are that it is "composed of all cases set for trial on that day" and that "the cases thereon ready for trial shall be transferred to any department of the court that is available." When a ready case is assigned to a ready department it would be impracticable to allow the litigant five days to consider the advisability of a disqualification motion, with the trial department ready and able to commence the trial forthwith. The Legislature resolved that problem by requiring that the motion be made, if at all, in the master calendar department immediately upon the announce-

---

*The policy considerations underlying this portion of Code of Civil Procedure section 170.6 and the cases applying it are discussed at greater length in *People* v. *Escobedo* (1973) *ante*, p. 32 [110 Cal.Rptr. 550] (filed Oct. 31, 1973).

[1]Rule 223: "(a) [Necessity and supervision] In all counties wherein the court is composed of three or more judges, all civil cases assigned trial dates shall be placed on a master calendar composed of all cases set for trial on that day. The master calendar shall be under the supervision of the presiding judge or a judge designated by the judges for that purpose.

"(b) [Calling of master calendar] The master calendar shall be called prior to 10:00 a.m. at a time fixed by the judge supervising the calendar, and the cases thereon ready for trial shall be transferred to any department of the court that is available. Cases may be transferred at any time before the regular time fixed for adjournment.

". . . . . . . . . . . . . . . . ."

ment of the assignment, thereby permitting the judge in the master calendar department to make an immediate assignment to another department and immediately to utilize the challenged judge for some other pending case.

There is no reason to doubt that the system of assignment described in rule 223 is the "Master Calendar" referred to in section 170.6. When that section was enacted in 1957 no other description of a master calendar appeared in the Judicial Council rules, nor has any been added since, either in those rules or in the codes.[2]

Although rule 223 requires only that civil cases be placed on a master calendar, rule 248 (formerly rule 35 of the 1949 Rules for Superior Courts) authorizes the optional use of a master calendar in the assignment of criminal cases for trial in Los Angeles and San Francisco Counties. That rule provides in subdivision (c) "Upon a plea other than a plea of guilty, the case shall be assigned a trial date by the judge of the Master Calendar Department and transferred to a trial department or held for later transfer." It is apparent that when a case is assigned and transferred for future trial, the case will not be on a master calendar.

█ It appears to be the theory of the respondent court that any case which has been assigned by a master calendar department has been assigned from a "master calendar." That theory is irreconcilable with the concept of a master calendar, as the term has been used in the Judicial Council rules, and subverts the legislative policy of allowing the litigant to make his motion five days before the trial. In every multi-judge court it is necessary to have some procedure whereby a presiding judge or supervising judge transfers and retransfers cases in order to distribute the business of the court. It is common to refer to the department of the presiding judge or the supervising judge as the "master calendar department." But section 170.6 cannot be construed as meaning that whenever a case is transferred from the presiding or supervising judge to another department, the motion to disqualify must be made at that time or be forever barred.[3]

---

[2]The identical description of a master calendar is in rule 511, California Rules of Court (formerly rule 10 of the 1953 Rules for Municipal Courts). (See also the description of the master calendar system in 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, §§ 54, 55, p. 2892.)

[3]*Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal.App.2d 692 [16 Cal.Rptr. 745], and *Fairfield* v. *Superior Court* (1963) 216 Cal.App.2d 438 [31 Cal.Rptr. 3], are illustrative. In each case there was an assignment to a trial department a considerable time before the parties were able to go to trial. The appellate court in each case held that the motions to disqualify were timely because filed five days or more before the actual trial date.

When the case is assigned for a future trial, the reasons for the special "master calendar" provision in section 170.6 do not exist.

*Sambrano* v. *Superior Court* (1973) 31 Cal.App.3d 416 [107 Cal.Rptr. 274] does not support respondent's theory. In *Sambrano* the case had been "assigned directly to a trial department by a clerical rotation." The Court of Appeal held that such an assignment was not from a master calendar within the meaning of section 170.6, pointing out that a master calendar was a calendar conducted by a master calendar department under rule 248. The case does not hold, and the opinion does not say, that whenever a single case is assigned for future trial, there is a master calendar.

It is apparent that the case of People v. Villarruel was not on, or assigned from, a master calendar, as that term is used in the Judicial Council rules and in section 170.6, on June 7, 1973, when Judge Firth, sitting in department F, set a trial date of July 24, 1973, in department R. Since the motion to disqualify was filed more than five days prior to the date to which the trial was reset, the motion was timely and effective to disqualify Judge Goebel.

Let a peremptory writ of prohibition issue, prohibiting any further proceedings before Judge August J. Goebel in People v. Villarruel, case number A 516439.

Kingsley, J., and Dunn, J., concurred.