69 Cal.App.3d 407 (1977)
138 Cal. Rptr. 43
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Petitioner,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; DOLORES J. et al., Real Parties in Interest.
Docket No. 50584.
Court of Appeals of California, Second District, Division Three.
April 27, 1977.
*409 COUNSEL
John H. Larson, County Counsel, and William R. Kirkpatrick, Deputy County Counsel, for Petitioner.
No appearance for Respondent.
Thomas J. Scully for Real Parties in Interest.
OPINION
POTTER, J.
Petitioner, Los Angeles County Department of Public Social Services (hereinafter petitioner) seeks a writ of mandate ordering respondent Juvenile Court of Los Angeles to disqualify respondent Referee Bradley A. Stoutt from hearing the juvenile dependency proceedings in said court entitled In the Matter of Raymond J., No. J 902311, and In the Matter of Robert J., No. J 902312, and to transfer these cases to another hearing officer. The sole issue is the timeliness of petitioner's motion for disqualification of the referee pursuant to Code of Civil Procedure section 170.6.
The facts are not in dispute. On November 2, 1976, petitioner filed two petitions in juvenile court seeking to have the aforesaid minors declared *410 dependent children of the court pursuant to former section 600 (now § 300)[1] of the Welfare and Institutions Code.
On November 3, 1976, in department 236 before Referee Mitchell, the minors' mother (hereinafter real party in interest)[2] and petitioner stipulated to a "pre-plea investigation." The matters were, therefore, continued to December 6 in department 238 for receipt of petitioner's social study and mother's "arraignment."
On December 6, 1976, in department 238 before Referee Libow, the matters were again continued to January 6, 1977, in the same department on petitioner's recommendation.
On January 6, 1977, in department 238 before Referee Libow, real party in interest denied the allegations in both petitions. Adjudication proceedings were set for 8:30 a.m. February 25, in department 234 where Judge Giannini, the supervising judge of the juvenile annex building, normally sits.
On February 25, 1977, around noon, Judge Giannini informed counsel in chambers in department 234 that he would be unable to hear the matters that date and was transferring them to department 235 where Referee Stoutt was sitting.
At 2 p.m., when the matters were called in department 235, petitioner first moved to continue the proceedings. After that motion was denied, petitioner unsuccessfully sought to transfer the matters back to department 234.[3]
Petitioner then filed a declaration pursuant to Code of Civil Procedure section 170.6 and moved to disqualify Referee Stoutt. Referee Stoutt refused to disqualify himself on the ground that the motion was untimely. The court stated that petitioner "should have let Judge *411 Gianinni [sic] know immediately as soon as the judge had indicated to him earlier that it was coming to 235. And then once in 235 ... he should have immediately commenced by making his motion to disqualify 235 rather than making a motion for a continuance."
Referee Stoutt proceeded to hear evidence in the adjudication matters the remainder of the afternoon and then continued the proceedings to March 8.
On March 4, 1977, in response to petitioner's request, this court granted an alternative writ of mandate and a stay order and set the matter for hearing on April 20, 1977. On March 8, the juvenile matters were placed off calendar pursuant to said stay order. On March 21, real party in interest filed a return to the petition. Respondent court and referee have not filed a separate return.
Petitioner contends the motion was timely and, therefore, the referee should have disqualified himself. Real party in interest contends that the motion was untimely because petitioner failed to make the motion to supervising Judge Giannini prior to transfer to Referee Stoutt as would be required under a master calendar. We agree with petitioner that the motion was timely. Accordingly, we issue the peremptory writ of mandate as prayed.

The Motion to Disqualify Was Timely
Code of Civil Procedure section 170.6 provides in general that any party to an action may make a motion to disqualify the trial judge, commissioner or referee[4] supported by an affidavit of prejudice. As our Supreme Court recently reemphasized in Solberg v. Superior Court, 19 Cal.3d 182, 193 [137 Cal. Rptr. 460, 561 P.2d 1148], quoting from McCartney v. Commission on Judicial Qualifications, 12 Cal.3d 512, 531 [116 Cal. Rptr. 260, 526 P.2d 268]: "`It is well recognized that in enacting Code of Civil Procedure section 170.6 the Legislature guaranteed to litigants an extraordinary right to disqualify a judge. The right is "automatic" in the sense that a good faith belief in prejudice is alone sufficient, proof of facts showing actual prejudice not being required.' (Italics in original.)" If "the affidavit is timely and properly made, immediate disqualification is *412 mandatory." (McCartney v. Commission on Judicial Qualifications, 12 Cal.3d at p. 532 [116 Cal. Rptr. 260, 526 P.2d 268].)
The critical language concerning timeliness of a motion appears in subdivision (2) of Code of Civil Procedure section 170.6, wherein it is stated: "... Where the judge, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. In no event shall any judge, court commissioner, or referee entertain such motion if it be made ... after the making of an opening statement by counsel for plaintiff or ... after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. The fact that a judge, court commissioner, or referee has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided." (Italics added.)
(1) The general rule established by section 170.6 is that disqualification is permitted at any time prior to commencement of the trial or hearing. Two exceptions are provided  the 10-day-5-day provision and the master calendar provision. These special time limits are the Legislature's method for "accommodating the conflicting needs of the litigant and the court, where the party wishes to postpone his motion until he is fully informed, and the court requires time to make adjustments after a disqualification." (People v. Escobedo, 35 Cal. App.3d 32, 37 [110 Cal. Rptr. 550]; Villarruel v. Superior Court, 35 Cal. App.3d 559, 561-562 [110 Cal. Rptr. 861].)
It is undisputed that the 10-day-5-day provision cannot apply to the disqualification of Referee Stoutt since it was not until approximately 12 *413 o'clock noon of the hearing date, February 25, that the litigants first learned that Referee Stoutt, not Judge Giannini, would be hearing these dependency proceedings.
(2) The applicability of the master calendar provision is, however, in dispute. Referee Stoutt stated as one of his reasons for declining to disqualify himself petitioner's failure to make the motion in department 234 in Judge Giannini's presence prior to the transfer to department 235 as would be required under a master calendar. Real party in interest admits in her return that there is no master calendar in the juvenile court.[5] Nevertheless, she claims that "where a transferring court has assigned a matter for immediate trial, the provisions of 170.6(2) as to timeliness of a motion to disqualify in a master calendar should apply regardless of the label attached to the transferring court." She contends that this interprtation is necessary to fulfill "[t]he underlying purpose of § 170.6(2) to avoid undue delay [which] is paramount to any technical labels." We disagree.
Real party in interest's reliance upon Villarruel v. Superior Court, supra, 35 Cal. App.3d 559, is misplaced. In Villarruel, although the case was assigned by a master calendar department, the court held that the master calendar provision did not govern because the case was not on, or assigned from, a master calendar as that term is used in the Judicial Council rules. (See, e.g., Cal. Rules of Court, rule 223.) The Villarruel court stated (id., at pp. 563-564): "In every multi-judge court it is necessary to have some procedure whereby a presiding judge or supervising judge transfers and retransfers cases in order to distribute the business of the court. It is common to refer to the department of the presiding judge or the supervising judge as the `master calendar department.' But section 170.6 cannot be construed as meaning that whenever a case is transferred from the presiding or supervising judge to another department, the motion to disqualify must be made at that time or be forever barred. When the case is assigned for a future trial, the reasons for the special `master calendar' provision in section 170.6 do not exist. [Fn. omitted.]"
*414 It is true, as real party in interest contends, that the court in Villarruel justified refusal to apply the master calendar provision on the ground that the case was not assigned for immediate trial and thus the underlying purpose of preventing delay would not be furthered; the court in Villarruel, however, did not say that in every case of transfer for immediate trial, regardless of whether a master calendar existed, the "master calendar" provision would govern. Instead, the court explained that the master calendar provision was intended by the Legislature to apply only "when a case was assigned from a master calendar operating under rule 223 of the California Rules of Court....[1a]" (Id., at p. 562.) The court pointed out that "[t]he characteristics of such a master calendar are that it is `composed of all cases set for trial on that day' and that `the cases thereon ready for trial shall be transferred to any department of the court that is available.'" (Id.; see also People v. Escobedo, supra, 35 Cal. App.3d at p. 38.)
The difference between such a master calendar assignment system and the juvenile court system utilized herein is patent. The juvenile court is a specialized court which does not operate under rule 223. The manner of distributing juvenile cases is specifically excepted from the requirement governing other cases that they be automatically assigned to the department of the presiding judge. (Rule 245(a)(1), Cal. Rules of Court.)[6] Moreover, the record reveals that the cases herein were assigned well in advance to a particular department and judge, department 234 in which Judge Giannini was sitting. Had petitioner wished to disqualify Judge Giannini, it would have had to file such a motion at least 5 days in advance, in accord with the 10-day-5-day provision; it could not have waited until the hearing date.
*415 Furthermore, the statutory reference to a master calendar is not a mere "technical" label which can be disregarded in the interest of preventing delay. In Solberg v. Superior Court, supra, 19 Cal.3d at page 198, our Supreme Court recently rejected three proposed constructions of Code of Civil Procedure section 170.6 aimed at dealing with potential abuse of the statute, including delaying tactics. The court stated, as one of its grounds for rejection, that the proposals "would rewrite the statute in the guise of construing it." Similarly, the construction urged herein by real party in interest would "rewrite the statute." It would expand the explicit language providing that "where there is a master calendar," any disqualification motion "shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial" (Code Civ. Proc., § 170.6, subd. (2)) to apply to any supervising judge in any specialized department or multi-judge court so long as the assignment was for immediate trial. Such a construction would require us to read out of the statute the express proviso that the judge be one supervising a master calendar. "When statutory language is thus clear and unambiguous there is no need for construction, and courts should not indulge in it." (Solberg v. Superior Court, supra, 19 Cal.3d at p. 198.) The language restricting the scope of this time limitation to the "trial of a cause where there is a master calendar" has remained unchanged since the statute was enacted in 1957. It is for the Legislature, not this court, to amend the provision if it is deemed necessary and desirable in order to prevent undue delay.
An analogous situation was posed in Sambrano v. Superior Court, 31 Cal. App.3d 416 [107 Cal. Rptr. 274]. A branch court had adopted local court rules pursuant to rule 245(b) requiring that disqualification motions be made to the supervising judge prior to transfer although the branch court was not operating under a master calendar on the matters involved. The local rule was for the salutary purposes of expediting court business and improving court performance. The court in Sambrano, however, held that local rules prescribing a shorter time period for such motions "cannot validly change the requirements of a statute or limit the rights granted by it." (Id., at p. 419.) The court, therefore, upheld as timely a disqualification motion that did not fall within these locally imposed shorter time limits, stating (id., at p. 420): "[T]he present language of Code of Civil Procedure section 170.6 allows motions to disqualify, pursuant to its provisions, to be made within the times permitted in matters not passing through a master calendar. If that *416 language inhibits effective calendar management, as it very well may, the matter is one for the Legislature and beyond our control."
Even were we to assume that petitioner's true motive for the disqualification motion was a delaying tactic, it would not justify our rewriting the statute to hold the motion untimely. In Solberg v. Superior Court, our high court discussed the problem of potential abuse of the statute. It noted that the section "has assertedly been invoked for the purpose of `judge-shopping' ..." (19 Cal.3d at p. 194) and "a variety of purely tactical advantages" (id., at p. 195). The court specifically recognized the problem of delay, cited by real party in interest herein; thus, it stated (id., at p. 195): "In a single-judge court a litigant who files a motion to disqualify automatically obtains a significant delay while an outside judge is brought into the case. Some delay inevitably ensues even in multi-judge courts; ..."
Yet our Supreme Court concluded, in reaffirming the statute's constitutionality (id., at p. 204): "[T]o the extent that abuses persist in the utilization of section 170.6 ... it may be helpful to view them as a relatively inconsequential price to be paid for the efficient and discreet procedure provided in section 170.6. The statute thus remains a reasonable  and hence valid  accommodation of the competing interests of bench, bar, and public on the subject of judicial disqualification. We do not doubt that should future adjustments to this sensitive balance become necessary or desirable, the Legislature will act with due regard for the rights of all concerned."
Thus, the time limit for the filing of petitioner's disqualification motion is that established by the statute for causes not appearing on a master calendar where the hearing officer was not known 10 days in advance at the date set for trial. The motion herein could be filed at any time prior to the commencement of the trial or hearing. (Code Civ. Proc., § 170.6, subd. (2).) Petitioner, therefore, was not required to file his motion in Judge Giannini's court at the time the matters were assigned to Referee Stoutt in department 235.
(3) In holding that the motion was untimely, Referee Stoutt stated as a second reason petitioner's failure to move for disqualification in *417 department 235 prior to the motion for a continuance. In 1965, however, Code of Civil Procedure section 170.6 was amended[7] specifically to permit the procedure followed by petitioner. As the appellate court in Zdonek v. Superior Court, 38 Cal. App.3d 849, 852 [113 Cal. Rptr. 669], explained: "The 1965 amendment was drafted and sponsored by the State Bar of California for the purpose of changing the law [in order] ... that a party should be permitted to preserve his right to disqualify a judge under section 170.6 for trials and other fact determinations, notwithstanding that the judge had earlier heard demurrers and motions without challenge. (See Report of the Committee on Administration of Justice (1964) 39 State Bar J. 496, 497; Macomber & Matthews, 1965 Legislative Program (1965) 40 State Bar J. 122, 127.)"
The final sentence of subdivision (2) as amended, provides that the fact that a judge, commissioner or referee "has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided."
Neither a motion for a transfer nor a motion for a continuance involves "a determination of contested fact issues relating to the merits" of an action to adjudicate juvenile dependency. Petitioner's motion, therefore, to disqualify the referee was not barred by reason of the referee having previously heard and denied his motions for a continuance and transfer. (Cf. Zdonek v. Superior Court, supra, 38 Cal. App.3d at pp. 852-853 [demurrer to complaints]; Fraijo v. Superior Court, 34 Cal. App.3d 222, 224-225 [109 Cal. Rptr. 909] [acceptance and later rejection of a plea bargain]; Hospital Council of Northern Cal. v. Superior Court, 30 Cal. App.3d 331, 337 [106 Cal. Rptr. 247] [judgment on the pleadings]; Kohn v. Superior Court, 239 Cal. App.2d 428, 430-431 [48 Cal. Rptr. 832] [motion to dismiss pursuant to Pen. Code, § 995].)
*418 Since petitioner's motion for disqualification was timely, disqualification was mandatory and the matters must be transferred to another judge or referee for hearing.
Let a peremptory writ of mandate issue as prayed.
Ford, P.J., and Allport, J., concurred.
NOTES
[1] As of January 1, 1977, former Welfare and Institutions Code section 600 has been replaced by new section 300.
[2] Although both parents are officially listed as real parties in interest, only the mother is participating in any of the proceedings. The parents are divorced; the mother has custody; the father is out of state, and although informed of his right to be represented, has not participated.
[3] This may not have been a formal motion. While the juvenile court file refers to a motion being made and denied, the reporter's transcript and petition refer to a request in chambers for transfer which was denied.
[4] The applicability of section 170.6 to juvenile courts has not been questioned in this proceeding. (See Pamela H. v. Superior Court (1977) 68 Cal. App.3d 916 [137 Cal. Rptr. 612].)
[5] Petitioner has supplied as an exhibit a memorandum of January 30, 1976, of the juvenile court's "Operation of Court and Scheduling of Cases" which demonstrates the absence of a master calendar.
[1a] "Rule 223: `(a) [Necessity and supervision] In all counties wherein the court is composed of three or more judges, all civil cases assigned trial dates shall be placed on a master calendar composed of all cases set for trial on that day. The master calendar shall be under the supervision of the presiding judge or a judge designated by the judges for that purpose.

"`(b) [Calling of master calendar] The master calendar shall be called prior to 10:00 a.m. at a time fixed by the judge supervising the calendar, and the cases thereon ready for trial shall be transferred to any department of the court that is available. Cases may be transferred at any time before the regular time fixed for adjournment.
"`.... .... .... .... ...'"
[6] Rule 245(a)(1), entitled Distribution of Business  in General, provides in pertinent part: "All cases, except those under the Juvenile Court Law and Conciliation Court Law, shall on filing be assigned automatically to the department of the presiding judge; ..." (Italics added.)
[7] It appears that even before this amendment, the request for a transfer would not have barred a subsequent disqualification motion since in Spector v. Superior Court, 55 Cal.2d 839, 842-843 [13 Cal. Rptr. 189, 361 P.2d 909], our Supreme Court upheld the timeliness of such a motion where the facts disclosed that petitioner had first unsuccessfully sought a transfer to another judge.