[No. G038766. Fourth Dist., Div. Three. Nov. 21, 2007.]

ANDREW F. CARL, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
COAST COMMUNITY COLLEGE DISTRICT et al., Real Parties in
Interest.

*Sills, P. J., Aronson, J., and Ikola, J.

**COUNSEL**

David R. Williams for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

**OPINION**

**THE COURT.**\*—It has apparently become common practice in the trial courts for litigants to file a "notice of unavailability" under the guise of

\*Sills, P. J., Aronson, J., and Ikola, J.

*Tenderloin Housing Clinic, Inc. v. Sparks* (1992) 8 Cal.App.4th 299 [10 Cal.Rptr.2d 371] (*Tenderloin*). The notice purports to advise the other parties to the action—as well as the court—that the deliverer will not be available for a prescribed period of time and that no action may be taken during that period which adversely affects the unavailable party. To the extent this practice attempts to put control of the court's calendar in the hands of counsel—as opposed to the judiciary—it is an impermissible infringement of the court's inherent powers.

## I

On April 4, 2007, petitioner Andrew F. Carl filed a statement of disqualification against the assigned trial judge. He then filed a notice of unavailability under *Tenderloin*, indicating he would be unavailable to respond to anything until May 11, 2007. Given a challenged judge must act on a statement of disqualification within 10 days of its filing or be deemed to have consented to the disqualification, on April 13, 2007, the court ordered the statement stricken because it disclosed no legal grounds for disqualification and was untimely. (Code Civ. Proc., § 170.4, subd. (b).) The court clerk served a copy of the order on the parties the same day. Petitioner filed the instant petition for writ of mandate on June 11, 2007.

The petition is untimely on its face. An order striking a statement of disqualification is not appealable; it may only be challenged by a petition for writ of mandate filed "within 10 days after service of written notice of entry of the court's order . . . ." (Code Civ. Proc., § 170.3, subd. (d).) Here the petition was filed almost two months after petitioner was served written notice of entry of the order striking the statement of disqualification.

Petitioner first insists the petition is timely because the trial court served notice on him and did not send written notice to the attorney representing him as required by law. In support of this argument he attaches a copy of the facsimile cover sheet the court used to serve the order on him: it shows his name but not his attorney's. The inference we are asked to draw is that his attorney was never served with the order and thus the time within which to file a petition for writ of mandate has neither started nor expired.

On our own motion we called up the superior court file and take judicial notice of the documents in it. (Evid. Code, § 452, subd. (d)(1).) In addition to the facsimile cover sheet petitioner attached as an exhibit to the petition, the

superior court file includes a separate facsimile cover sheet showing service of the order on petitioner's counsel as well as separate cover sheets showing service on all other parties. We are therefore satisfied that petitioner's counsel was served with written notice of entry of the order on April 13, 2007, and that the 10 days within which to file a petition for writ of mandate to challenge the superior court's order started on April 13.

Petitioner then asserts that the time to file the petition could not have started on April 13 because the day before the order was entered petitioner filed a "notice of unavailability" pursuant to *Tenderloin.* The purported function of this "notice" was to arrest the power of the superior court to issue any order that would require or impose upon petitioner any legal obligation to act. Simply put, petitioner essentially argues that by filing a "notice of unavailability" he unilaterally called a litigation timeout. The argument fails for many reasons, but the three most obvious are: (1) petitioner cannot on his own enjoin the superior court from issuing orders; (2) petitioner does not possess the power to extend the statutorily imposed timeclock for the court to respond to a statement of disqualification or for him to file a petition for writ of mandate; and (3) his stated unavailability under the notice was to May 11, 2007, so a petition filed a month later on June 11 was untimely under Code of Civil Procedure section 170.3, subdivision (d), even under his theory.

## II

We explain our reasons for summarily denying the petition in part because the common practice of filing a "notice of unavailability" in the superior court now permeates the appellate court system. We receive them on a regular basis and at all times during the appeal process: they come before the record is filed, they come while the matter is being briefed, and they have even come after a matter has been submitted for decision.

*Tenderloin,* of course, merely holds that a trial court may impose sanctions against an attorney who conducts litigation in bad faith and solely for the purpose of harassment. There, among other things, the sanctioned attorney purposefully set discovery for times when he knew opposing counsel was on vacation and unavailable in order to gain an unfair tactical advantage in the litigation. Nothing in *Tenderloin,* however, expressly condones the practice that has grown up around its name. It has simply been made up.

There is no authority, moreover, for the filing of such a notice in an appellate court. Nor is there any need for such a procedure. Given the inherent flexibility of the California Rules of Court regulating appellate practice, any party who feels the uncomfortable pinch of an oncoming deadline may seek appropriate relief. In those permitted filings a party may make whatever representations it deems necessary about its vacation and business schedules in order to explain why the motion or application should be granted. In short, a "notice of unavailability" is not a fileable document under the rules of court and will be returned to counsel.

The petition for writ of mandate is denied.