[No. B228530. Second Dist., Div. Three. June 17, 2011.]

D.M., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

### Counsel

Michael P. Judge and Ronald L. Brown, Public Defenders, Albert J. Menaster, Guillermo Arevalo-Farias and Rourke Frances Stacy, Deputy Public Defenders, for Petitioner.

Frederick R. Bennett for Respondent.

Steve Cooley, District Attorney, Brentford Ferreira and Beth L. Widmark, Deputy District Attorneys, for Real Party in Interest.

### Opinion

**KLEIN, P. J.**—Petitioner D.M. seeks a writ of mandate directing respondent superior court to vacate its order of October 14, 2010, denying D.M.'s peremptory challenge to Referee Kesler (the Referee) pursuant to Code of Civil Procedure section 170.6, and to enter a new and different order transferring the matter to another judicial officer.[1]

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

The Referee denied D.M.'s peremptory challenge as untimely, on the ground the matter had been assigned by the presiding judge of the juvenile court to the Referee "for all purposes including trial," and a peremptory challenge to an all-purpose judge must be made within 10 days after notice of the all-purpose assignment. (§ 170.6, subd. (a)(2).)

The timeliness of D.M.'s peremptory challenge to the Referee turns upon the validity of the "all-purpose assignment" to the Referee. The controlling statute provides a referee "shall not conduct any hearing to which the state or federal constitutional prohibitions against double jeopardy apply *unless all of the parties thereto stipulate in writing that the referee may act in the capacity of a temporary judge*." (Welf. & Inst. Code, § 248, subd. (a), italics added.) Consequently, the presiding judge of the juvenile court lacks the authority to assign a delinquency matter to a referee "for all purposes including trial."

 Because there was no valid "all-purpose assignment" in the instant matter, and because the Referee had not yet made "a determination of contested fact issues relating to the merits" (§ 170.6, subd. (a)(2)), D.M.'s challenge to the Referee, made more than five days before the date set for his competency hearing, was timely. (*Ibid.*) Therefore, we grant the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

D.M., born in 1994, is the subject of a wardship petition (Welf. & Inst. Code, § 602), wherein he was accused of violating Penal Code section 241.6 (assault on a school employee) and Penal Code section 148, subdivision (a)(1) (unlawfully resisting a peace officer).

On December 9, 2009, D.M. was arraigned on the charges before the Referee.[2] At a pretrial conference on April 19, 2010, the Referee heard and granted D.M.'s *Pitchess* motion.[3]

On July 26, 2010, the Referee declared a doubt regarding D.M.'s mental competence and set the matter for a competency hearing to be held October 14, 2010.

On October 5, 2010, nine days before the competency hearing, D.M. filed an affidavit of prejudice (§ 170.6, subd. (a)(2)), asserting a peremptory challenge to the Referee.[4]

---

[2] All of D.M.'s nine court appearances between December 9, 2009, and October 14, 2010, were held before the same referee.

[3] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].

[4] Welfare and Institutions Code section 247.5 provides: "The provisions of Sections 170 and 170.6 of the Code of Civil Procedure shall apply to a referee, provided, that the presiding

On October 14, 2010, the Referee denied the challenge as untimely. The basis of the denial was that the affidavit of prejudice had to be filed within 10 days of the arraignment or initial assignment. The Referee's rationale was that "Judge Michael Nash is the supervising judge of the juvenile court here in Los Angeles County in which he signs an order that assigns us for all purposes."[5] The Referee added, "if you decide to take a writ on the matter I welcome the wisdom of the appeals courts."

On October 22, 2010, D.M. filed an application for rehearing (Welf. & Inst. Code, § 252) of the Referee's ruling that his peremptory challenge was untimely. The application was denied October 26, 2010.

On November 3, 2010, D.M. filed the instant petition for writ of mandate, seeking to overturn the Referee's October 14, 2010 denial of his peremptory challenge. On November 16, 2010, this court summarily denied the petition.

D.M. then filed a petition for review. On January 12, 2011, the Supreme Court granted the petition for review and transferred the matter back to this court with directions to vacate our order denying the petition for writ of mandate and to issue an alternative writ to be heard before this court when the proceeding is ordered on calendar.

In compliance, this court issued an alternative writ.

---

judge of the juvenile court shall if the motion is granted reassign the matter to another referee or to a judge of the juvenile court."

[5] On July 23, 2010, more than seven months after D.M.'s arraignment, the Hon. Michael Nash, Presiding Judge of the Juvenile Court, issued the following "all-purpose" assignment order applicable to the juvenile and delinquency courts:

"Having been appointed as the Presiding Judge of the Juvenile Court pursuant to Welfare and Institutions Code section 246 and Los Angeles Superior Court Local Rule 1.0, and the Presiding Judge of the Los Angeles Superior Court having delegated to the Presiding Judge of the Juvenile Court, the authority to determine whether cases will be assigned to particular judicial officers and departments as 'all purpose' courts, and there being good cause to do so, *cases assigned to the judicial officers presiding in the departments listed in the attachment are assigned to the judicial officers regularly presiding in such departments for all purposes including trial.*

"The clerk is directed to deliver or mail a copy of this order to the County Counsel, the Public Defender, the District Attorney, the Childrens' Law Center, and the Los Angeles Dependency Lawyers, and to maintain a certificate of such mailing. The administrators for each of those organizations are requested to provide a copy of this order and attachment to each of their attorneys who appear in the Juvenile Court. The clerk is also directed to prominently post a copy of this order and the attachment in each listed Department at the counsel table in a way to ensure that each attorney for a party and each party appearing without counsel will have notice of such assignments. See *Jonathon M. v. Superior Court* (2006) 141 Cal.App.4th 1093, 1101 [46 Cal.Rptr.3d 798]. *Pursuant to Code of Civil Procedure section 170.6(a)(2), motions pursuant to this section must be made within ten (10) days of counsel or the party's first appearance in any listed 'all purpose' courtroom following the posting of the order.* Good cause appearing therefore, IT IS SO ORDERED." (Italics added.)

## CONTENTIONS

D.M. contends he filed a peremptory challenge to the Referee under section 170.6 in a timely manner, entitling him to writ relief.

The People, in their return to the petition for writ of mandate, concede D.M.'s peremptory challenge to the Referee was timely, in that a referee in a juvenile delinquency case cannot be assigned for all purposes. However, the People contend the instant petition for writ of mandate is untimely and therefore should be denied.

## DISCUSSION

1. *Procedural issues.*

 a. *The superior court has standing to oppose the instant petition.*

As a preliminary matter, we address the propriety of the superior court's opposition to the petition for writ of mandate.

In response to the alternative writ issued by this court, which specifically requested the superior court to show cause why a peremptory writ of mandate should not issue, court counsel, on behalf of respondent Superior Court of Los Angeles County, filed an opposition to D.M.'s petition for writ of mandate.

D.M. filed a motion to strike the opposition, contending the superior court lacks standing to participate in writ matters involving judicial disqualification.

Case law recognizes that "[e]xcept where the issues involve the trial court's procedures rather than the litigation in which the issues arise, it is inappropriate for trial judges to make their voices heard in the appellate process. (Ng v. Superior Court (1997) 52 Cal.App.4th 1010, 1016, 1018 [61 Cal.Rptr.2d 49], disapproved on another ground in Curle v. Superior Court (2001) 24 Cal.4th 1057, 1069, fn. 6 [103 Cal.Rptr.2d 751, 16 P.3d 166].)" (In re Wagner (2005) 127 Cal.App.4th 138, 148 [25 Cal.Rptr.3d 201], italics added; see, e.g., Shipp v. Superior Court (1992) 5 Cal.App.4th 147, 149, 152 [6 Cal.Rptr.2d 685] [respondent superior court opposed petition relating to whether family court assignment under local court policy was all-purpose assignment within meaning of § 170.6].)

D.M.'s petition comes squarely within said exception. His petition challenges the validity of the Los Angeles Superior Court's practice of assigning juvenile court referees "for all purposes including trial," and involves the deadline for challenging such referees pursuant to section 170.6. Because the petition is directed at the trial court's operating procedures, rather than being limited to the narrow question of the Referee's disqualification, the superior court has standing to oppose the petition. Further, input from the superior court is helpful to this court in arriving at a reasoned decision in the matter.

> b. *D.M.'s petition for writ of mandate is timely because there was no service of written notice of entry of the October 14, 2010 order.*

The People contend the instant petition for writ of mandate is untimely because it was filed November 3, 2010, *20 days* after the Referee denied D.M.'s section 170.6 challenge. We disagree, concluding the instant petition is timely.

■ The controlling statute, section 170.3, states in pertinent part at subdivision (d): "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. *The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification.* If the notice of entry is served by mail, that time shall be extended as provided in subdivision (a) of Section 1013." (§ 170.3, subd. (d), italics added; see, e.g.,. *Carl v. Superior Court* (2007) 157 Cal.App.4th 73, 75 [68 Cal.Rptr.3d 566] [petition untimely in that it was filed "almost two months after petitioner was served written notice of entry of the order" striking the statement of disqualification]; see generally Eisenberg et al., Cal. Practice Guide, Civil Appeals & Writs (The Rutter Group 2010) ¶ 15:126, p. 15-59 (rev. # 1, 2010).) Thus, it is "service of written notice of entry of the court's order determining the question of disqualification" which commences the period for seeking review by way of a petition for writ of mandate. (§ 170.3, subd. (d).)

Here, at the October 14, 2010 hearing, the Referee denied the section 170.6 challenge as untimely. However, there is nothing to show service of written notice of entry of said order. The October 14, 2010 minute order has a box on

line 41 to be checked next to the words "Written notice served." However, that box is not checked.

In the absence of any showing of service of written notice of entry of the October 14, 2010 order, we reject the People's contention the instant petition for writ of mandate, filed 20 days after the trial court denied the section 170.6 challenge, is untimely.[6]

c. *Standard of review.*

We review the trial court's denial of the section 170.6 challenge for an abuse of discretion. A trial court "abuses its discretion when it erroneously denies as untimely a section 170.6 challenge." (*Daniel V. v. Superior Court* (2006) 139 Cal.App.4th 28, 39 [42 Cal.Rptr.3d 471] (*Daniel V.*).)

2. *Section 170.6; general principles.*

■ "The Legislature has enacted detailed procedural statutory require-ments regarding the time during which an affidavit to disqualify a judge may be filed. (§ 170 et seq.) Any superior court policy or practice that is in conflict with those statutory time provisions is void. [Citations.]" (*Motion Picture & Television Fund Hospital v. Superior Court* (2001) 88 Cal.App.4th 488, 492 [105 Cal.Rptr.2d 872]; accord, *Daniel V., supra,* 139 Cal.App.4th at p. 39.)

Section 170.6 applies to disqualification of juvenile court referees. (Welf. & Inst. Code, § 247.5.)

As a general rule, section 170.6 permits challenge of a judge at any time before commencement of a trial or contested hearing, with three exceptions: (1) the "all-purpose assignment" rule (at issue in this case); (2) the "master calendar" rule;[7] and (3) the " '(10-day/5-day)' " rule. (*People v. Superior*

---

[6] D.M.'s petition raises an interesting question as to whether Welfare and Institutions Code section 252 (rehearing procedure applicable to a juvenile court referee's rulings) extends the time to seek writ relief from a juvenile court referee's denial of a section 170.6 challenge. However, in view of the fact there was no service of written notice of entry of the October 14, 2010 order, the instant petition for writ of mandate, filed 20 days after the Referee denied the section 170.6 challenge, is clearly timely. (§ 170.3, subd. (d).) Therefore, it is unnecessary to address the impact, if any, of Welfare and Institutions Code section 252 on the 10-day period prescribed by Code of Civil Procedure section 170.3, subdivision (d).

[7] This was not a matter assigned via a master calendar system, making that exception inapplicable.

*Court* (*Lavi*) (1993) 4 Cal.4th 1164, 1171–1172 [17 Cal.Rptr.2d 815, 847 P.2d 1031] (*Lavi*); *Daniel V., supra,* 139 Cal.App.4th at p. 39.)

Section 170.6 provides in pertinent part at subdivision (a)(2): "[*The 10-day/5-day rule*] If the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to, or who is scheduled to try, the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least 5 days before that date. [*The master calendar rule*] If directed to the trial of a cause with a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. [*The all-purpose assignment rule*] If directed to the trial of a criminal cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance."

■ In determining what type of case assignment occurred, we look beyond the label used by the superior court. (*Daniel V., supra,* 139 Cal.App.4th at p. 40; see, e.g., *Lavi, supra,* 4 Cal.4th at p. 1174 [labeling of a judge's department as a master calendar court, although persuasive, was not conclusive].) The label chosen to identify a given case assignment does not automatically control, but may be viewed as prima facie evidence as to what type of assignment occurred. (*Lavi, supra,* at p. 1179.) The party contesting the label has the burden of establishing the label does not fit. (*Daniel V., supra,* 139 Cal.App.4th at p. 40.) Thus, the fact this matter was assigned by the presiding judge of the juvenile court to the Referee "for all purposes including trial," although persuasive, is not conclusive. (*Ibid.*)

Section 170.6 calls for automatic reassignment to another judge if a challenge is duly presented. (§ 170.6, subd. (a)(4); *Daniel V., supra,* 139 Cal.App.4th at p. 40.)

 3. *D.M.'s peremptory challenge to the Referee was timely, making disqualification mandatory.*

 a. *Although the presiding judge of the juvenile court purported to make an all-purpose assignment, this matter could not be assigned to the Referee for all purposes; therefore, D.M.'s section 170.6 challenge was not governed by the all-purpose assignment rule.*

The timeliness of D.M.'s October 5, 2010 peremptory challenge turns upon the validity of the all-purpose assignment to the Referee. As explained,

although the superior court deemed this an "all-purpose" assignment, as a matter of law the presiding judge of the juvenile court could not assign this matter to the Referee for all purposes.

■ Welfare and Institutions Code section 246 and the Superior Court of Los Angeles County, Local Rules, rule 1.0, cited by Judge Nash in the July 23, 2010 "all-purpose" assignment order, merely direct the presiding judge of the superior court to designate a judge as presiding judge of the juvenile court. The statutory scheme does not empower the presiding judge of the juvenile court to issue an "all-purpose" assignment order assigning delinquency cases to referees "for all purposes including trial," as occurred here. Such an "all-purpose" assignment order is precluded by Welfare and Institutions Code section 248, which states in pertinent part at subdivision (a): "A referee shall hear those cases that are assigned to him or her by the presiding judge of the juvenile court, with the same powers as a judge of the juvenile court, *except that a referee shall not conduct any hearing to which the state or federal constitutional prohibitions against double jeopardy apply unless all of the parties thereto stipulate in writing that the referee may act in the capacity of a temporary judge.*" (Italics added.) Because Welfare and Institutions Code section 248 prohibits juvenile court referees from hearing delinquency adjudications without a stipulation, a referee cannot be assigned for all purposes because the referee may not "ultimately preside at trial." (*Lavi, supra,* 4 Cal.4th at p. 1180.)

■ For a "case assignment to be an all purpose assignment, two prerequisites must be met. [Citation.] First, the method of assigning cases must 'instantly pinpoint' the judge whom the parties can expect to ultimately preside at trial. Second, that same judge must be expected to process the case 'in its totality' [citation], from the time of the assignment . . . ." (*Lavi, supra,* 4 Cal.4th at p. 1180, fns. omitted.) Here, the Referee could not be expected to handle the case in its entirety from the time of the assignment because the Referee could not preside over the adjudication without the parties so stipulating. (Welf. & Inst. Code, § 248.)

In short, notwithstanding Judge Nash's "all-purpose" assignment order, this case was not an all-purpose assignment to the Referee. Therefore, D.M.'s section 170.6 challenge to the Referee was not subject to the time limits of the "all-purpose" assignment rule.[8]

---

[8] Court counsel asserts the "all-purpose" assignment of matters to juvenile court referees permits the "all-purpose" assignment of matters to juvenile court referees "for the conduct of matters that juvenile court referees are permitted to perform." However, a *limited* or *partial* "all-purpose" assignment is an oxymoron, given *Lavi*'s definition of the term. (*Lavi, supra,* 4

b. *D.M.'s section 170.6 challenge complied with the 10-day/5-day rule and therefore was timely.*

The 10-day/5-day rule provides: "*If the* . . . referee assigned to, or who is scheduled to try, the cause or hear the matter *is known at least 10 days before the date set for trial or hearing, the motion shall be made at least 5 days before that date.*" (§ 170.6, subd. (a)(2), italics added.)

Here, the competency hearing before the Referee was scheduled to be held October 14, 2010. On October 5, 2010, more than five days before the competency hearing, D.M. filed his peremptory challenge to the Referee. Therefore, the section 170.6 challenge satisfied the 10-day/5-day rule and thus was timely. (§ 170.6, subd. (a)(2).)

c. *D.M.'s earlier appearances before the Referee did not preclude him from making a peremptory challenge prior to the competency hearing.*

Finally, we note that D.M.'s various appearances before the Referee did not foreclose him from challenging the Referee prior to the competency hearing.

Section 170.6 expressly provides: "The fact that a judge, court commissioner, or referee has presided at, or acted in connection with, a pretrial conference or other hearing, proceeding, or motion prior to trial, *and not involving a determination of contested fact issues relating to the merits*, shall not preclude the later making of the motion provided for in this paragraph at the time and in the manner herein provided." (§ 170.6, subd. (a)(2), italics added.)

During earlier proceedings, the Referee declared a doubt regarding D.M.'s mental competence to stand trial. (Pen. Code, § 1368.) However, the Referee's declaration of doubt did not involve "a determination of contested fact issues relating to the merits . . . ." (§ 170.6, subd. (a)(2).) Therefore, nothing precluded D.M. on October 5, 2010, from disqualifying the Referee under section 170.6.

---

Cal.4th at p. 1180 ["all-purpose" assignment (1) must instantly pinpoint judge whom parties can expect to ultimately preside at trial and (2) that same judge must be expected to process case in its totality].) By definition, an assignment to a referee of those matters that may be heard by referees does not constitute an "all-purpose" assignment.

## DISPOSITION

The alternative writ of mandate is discharged. The petition for writ of mandate is granted. Let a peremptory writ of mandate issue, directing respondent superior court to vacate its October 14, 2010 order denying D.M.'s peremptory challenge to Referee Kesler, and to enter a new and different order assigning the matter to another judicial officer.

Croskey, J., and Aldrich, J., concurred.