[No. B171054. Second Dist., Div. One. June 10, 2004.]

JAVIER A. RUIZ, Petitioner, v.
APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Michael P. Judge, Public Defender, Veronica Soto and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Rockard J. Delgadillo, City Attorney, Debbie Lew, Assistant City Attorney, and Sunnie Lee Daniels, Deputy City Attorney, for Real Party in Interest.

OPINION

MALLANO, J.—In limited jurisdiction courts of the Central District of the Los Angeles County Superior Court, a misdemeanor case at arraignment is

assigned by matrix to a division for a pretrial hearing. When the case is ready to be tried, that division most likely will transfer it to another division for trial. Here, the pretrial division transferred a case for trial and defendant Javier Ruiz filed a Code of Civil Procedure section 170.6 (section 170.6) peremptory challenge in the trial division.[1]

The issue before us is whether the challenge was timely, and, more specifically, whether the pretrial court is a "master calendar" under section 170.6, requiring defendant to have filed the challenge in the pretrial court. Based on the record before us and the current state of court rules and other applicable authority, we conclude that the pretrial court was not a master calendar and that defendant's challenge was therefore timely.

## BACKGROUND

Defendant was charged with misdemeanor offenses by complaint filed in Los Angeles County Superior Court, central district, limited jurisdiction, on September 16, 2003. (*People v. Ruiz* (Super. Ct. L.A. County, No. 3CR12558).) At arraignment, the public defender was appointed to represented defendant, a not guilty plea was entered, and the matter was set for pretrial hearing on September 30, 2003, in division 55. At a later date, trial was set for October 14, 2003. For administrative purposes not pertinent here, defendant's case was transferred from division 55 to division 53, where it was continued for trial in the latter division to October 21.

On October 21, 2003, the parties announced ready for trial in division 53. The court stated that it would be trying another matter in the courtroom that day and ordered defendant's case transferred for trial in division 52, the Honorable Richard F. Walmark, presiding. Later that day, defendant appeared in division 52 and filed a section 170.6 challenge to Judge Walmark. Judge Walmark rejected the challenge as untimely on the ground that division 53 is a master calendar and section 170.6 required the challenge to have been filed in division 53 at the time the case was assigned for trial.[2] The matter was

---

[1] "Motions to disqualify made pursuant to section 170.6 are usually referred to as 'peremptory challenges.' Unlike a true peremptory challenge, however, section 170.6 requires that the movant allege 'prejudice' on the part of the challenged judge. (An allegation made in good faith is sufficient—prejudice need not be factually established.) [Citation.]" (*People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1170, fn. 1 [17 Cal.Rptr.2d 815, 847 P.2d 1031].)

[2] Section 170.6, subdivision (a)(2), states in pertinent part: "Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least 5 days before that date. *If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial.* If directed to the

continued to October 22, 2003, and defendant's section 170.6 challenge was reargued at that time. Judge Walmark reiterated his ruling.

Defendant thereafter sought relief via a petition for a writ of mandate to the appellate division of the superior court, respondent in this matter. The petition was summarily denied on November 3, 2003. Defendant next filed a petition for a writ of mandate in this court. The petition was opposed by the People of the State of California, real party in interest, appearing through the Office of the Los Angeles City Attorney. We issued an order to show cause in which we concluded that good cause existed for the appellate division to refer the matter for findings as to whether defendant's case had been "assigned for trial from a master calendar court or from another trial courtroom." The appellate division referred the order to show cause to the supervising judge of the criminal division of the superior court, which in turn transferred it to "the Honorable Patricia M. Schnegg, supervising judge of the misdemeanor trial panel, division 56 of the Criminal Division of the Los Angeles Judicial District . . . ."

Judge Schnegg responded to the order to show cause by submitting a declaration. In it, she identified herself as the "Assistant Supervising Judge of the Los Angeles Superior Court, Central District, Limited-Criminal." Judge Schnegg explained that her duties include management of misdemeanor cases assigned for trial in the 27 courtrooms of the "Los Angeles Superior Court Central Division-Limited Jurisdiction." The courtrooms are in four separate facilities—two in downtown Los Angeles, one in East Los Angeles, and another in Hollywood. A status report on each of these courtrooms is published daily by the "Limited Jurisdiction Court Coordinator." The declaration continues in part, as follows:

"At all relevant times herein, there were no limited jurisdiction master calendar criminal courts in Central Division. The majority of the courts are 'direct set' courts, meaning that after arraignment the cases are assigned to specific trial courts according to a set matrix. Again, cases are not assigned to a specific bench officer, but rather a specific courtroom. These 'direct set' trial courts handle all pre-trial motions. . . .

---

trial of a cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance. . . . In no event shall any judge, court commissioner, or referee entertain the motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there is no opening statement by counsel for plaintiff, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. . . . In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be." (Italics added.)

". . . It is the court's policy that when, as in the matter *sub judice*, a trial pending in a trial court is determined to be 'ready for trial,' the Coordinator is notified. A determination is then made about which open courtroom will hear the trial, and that information is relayed back to the courtroom where the trial is pending. Upon such notification of the court assignment, the bench officer transfers the case to the assigned open courtroom. The limited jurisdiction trial court acts as a master calendar court *only* for the purpose of (1) assigning and transferring a case that is ready for trial, and (2) assigning and transferring a case pursuant to the order of the Supervising or Assistant Supervising Judge. Therefore, pursuant to section 170.6(a)(2) of the Code of Civil Procedure, the master calendar rule applies, and any peremptory challenge to the assigned trial judge must be made to the judge making the assignment. This is why all trial counsel are required to be present in court when the trial assignment is made, which was the situation in this case. . . .

"No bench officer may commence a trial without having first been notified by me or the Coordinator that they may do so. When the direct set court assigns a case for trial to another bench officer, or announces that he or she will keep the case for trial, that court is deemed to act as a master calendar court."

"Among the factors considered in the decision about where to assign a case for trial are the length of trial, its complexity, and the custody status of the defendant or witness. . . .

". . . . The fact is that direct set courts rarely try their own cases because of the way cases are assigned for trial between the Central Division courthouses. In fact, there is no guarantee that a case will be tried in the same courthouse where it originated. . . . [T]here is a constant flow of case[s] between direct set courts and between other courthouses. Basically, there is a greater probability that a case will be reassigned for trial than be tried in its originating court."

"Due to the high volume of misdemeanor filings, the Coordinator and I are constantly reassigning cases to available trial courts in order to meet the speedy trial deadlines. Specifically, a case may be reassigned at my direction or the coordinator's direction for trial on the 'last day,' which means that a jury must be impaneled on that day in order to protect a defendant's right to a speedy trial. To illustrate, it is not uncommon for a direct set court to advise the parties, late in a morning, that their case has been reassigned 'for trial' to

another courthouse in Central. The parties may be ordered to appear at 1:30 p.m. in that assigned court. In custody cases, it is unlikely that the defendant will arrive by 1:30 p.m. due to transportation logistics. If a party is allowed to file a peremptory challenge once the parties have reassembled in the actual trial court, there may not be another trial court available and the last day case could be dismissed. Also, if such peremptory challenge was deemed timely and assuming there is another available court, nothing would prevent opposing side from filing its own peremptory challenge once the case was reassigned a second time. This would create a logistical nightmare and most definitely result in the dismissal of some cases. This is another reason why the master calendar designation is necessary and appropriate."

On November 7, 2003, following our receipt of Judge Schnegg's declaration, we again issued an order to show cause, this time also setting a briefing schedule and placing the matter on calendar for oral argument. In addition, we stayed proceedings in the trial court pending resolution of the writ petition or further order of this court. The People subsequently filed a return, to which defendant has replied. There has been no appearance by the superior court.

## DISCUSSION

"As a general rule, a challenge of a judge is permitted under section 170.6 any time before the commencement of a trial or hearing. [Citations.] . . . Subdivision [(a)](2) of section 170.6, however, establishes three exceptions to the general rule, namely, the '10-day/5-day' rule, the 'master calendar' rule, and the 'all purpose assignment' rule. [¶] . . . [¶] Thus, for any given factual scenario, it must be determined whether any of section 170.6, subdivision [(a)](2)'s pertinent exceptions (the 10-day/5-day rule, the master calendar rule, or the all purpose assignment rule) are applicable, or whether the general rule (the commencement of trial rule) should apply." (*People v. Superior Court (Lavi)*, *supra*, 4 Cal.4th at pp. 1171–1172; see fn. 2, *ante*, for text of § 170.6, subd. (a)(2).)

■ The parties agree that neither the 10-day/5-day rule nor the all-purpose assignment rule is applicable here. And neither party contends that this case involves a trial or hearing "not . . . specifically provided for," as referenced in the last sentence of section 170.6, subdivision (a)(2). Accordingly, the only issue presented by the parties is whether division 53 could be properly considered a master calendar court so that, when it transferred the matter to Judge Walmark in division 52 for trial, defendant's section 170.6 challenge of Judge Walmark was untimely because it was not filed in division 53 at the time the transfer was made.

We start by observing that the term "master calendar" is not clearly defined by statute or rule. Defendant takes note of the statement in Judge Schnegg's

declaration that there are "no limited jurisdiction master calendar criminal courts in Central Division" and argues applicable authority precludes the central district direct set courts from being, as stated in Judge Schnegg's declaration, "deemed to act as a master calendar court." Relying primarily on *People v. Superior Court (Lavi), supra,* 4 Cal.4th 1164, the People counter that it·is the function, not the label, of a court that determines whether it is a master calendar and that the limited jurisdiction courts of the central district function as master calendars, thereby invoking the master calendar rule of section 170.6. The People further argue that because these courts make transfer orders only after consultation with Judge Schnegg or the coordinator, they function as master calendars by virtue of California Rules of Court, rule 227.2(c), which permits the criminal court presiding judge to designate additional judges to perform certain duties.

According to defendant, the definition of master calendar is to be found in *People v. Escobedo* (1973) 35 Cal.App.3d 32 [110 Cal.Rptr. 550] and *Villarruel v. Superior Court* (1973) 35 Cal.App.3d 559 [110 Cal.Rptr. 861]. In *Escobedo,* it was noted that the then-applicable California Rules of Court "required that civil cases be set on a master calendar, which would not allow counsel to know who the trial judge would be until the day of trial. The important characteristics of this master calendar system are that 'all civil cases assigned trial dates shall be placed on a master calendar composed of all cases set for trial on that day' and that 'the cases thereon ready for trial shall be transferred to any department of the court that is available.' " (*People v. Escobedo, supra,* 35 Cal.App.3d at p. 38, quoting former Cal. Rules of Court, rule 223, repealed eff. Jan. 1, 1989,[3] fn. omitted.) In *Villarruel v. Superior Court, supra,* 35 Cal.App.3d at page 563, the court stated: "In every multi-judge court it is necessary to have some procedure whereby a presiding judge or supervising judge transfers and retransfers cases in order to distribute the business of the court. It is common to refer to the department of the presiding judge or the supervising judge as the 'master calendar department.' "

Both defendant and the People rely on *People v. Superior Court (Lavi), supra,* 4 Cal.4th 1164, but for different points. In *Lavi,* Department 100 of the Los Angeles County Superior Court, which "is labeled a 'master calendar' court" (*id.* at p. 1174), assigned a felony matter to a certain " 'long cause' department, in which Judge Trammell presides." (*Id.* at p. 1170, fn. omitted.) In so doing, the judge in department 100 explained that the transfer was " 'for

---

[3] Former California Rules of Court, rule 223(a), provided: " 'In all counties wherein the court is composed of three or more judges, all civil cases assigned trial dates shall be placed on a master calendar composed of all cases set for trial on that day. The master calendar shall be under the supervision of the Presiding Judge or a judge designated by the judges for that purpose.' " (*People v. Escobedo, supra,* 35 Cal.App.3d at p. 38, fn. 1.)

setting' " and that counsel could " 'arrange with the court down there the trial date.' " (*Id.* at p. 1170, italics omitted.) Following the transfer, a section 170.6 challenge was filed against Judge Trammell, but not until later that day. Judge Trammell denied the challenge on the ground that it had not been filed "not later than the time the cause [was] assigned for trial," as required by the master calendar rule. (4 Cal.4th at p. 1171, italics omitted.)

In determining whether the challenge to Judge Trammell was timely under the master calendar rule, the Supreme Court stated: "[W]e must look beyond the 'master calendar department' label and determine whether a given method of assigning cases effectuates the function and purpose of the master calendar rule before we can conclude that an assignment from a 'true' master calendar has occurred for the purposes of section 170.6." (*People v. Superior Court (Lavi), supra,* 4 Cal.4th at p. 1175.)

The *Lavi* court looked to the definition of master calendar in *People v. Escobedo, supra,* 35 Cal.App.3d 32, and *Villarruel v. Superior Court, supra,* 35 Cal.App.3d 559, and addressed an argument that "because these authorities relied on former rule 223 of the California Rules of Court, which defined the operation of a master calendar court in civil matters, they are no longer valid authority. Rather, according to [the argument], the present rule 205 of the California Rules of Court contains a 'more flexible concept of a master calendar court' that allows application of the master calendar rule to cases assigned for future trial." (*People v. Superior Court (Lavi), supra,* 4 Cal.4th at p. 1176, fn. 7.)

The *Lavi* court rejected this argument on two grounds. First, "rule 205 of the California Rules of Court merely allows a presiding judge to appoint a master calendar judge, and assign to him or her the duties of a master calendar department. It in no way defines the operation of a master calendar."[4] (*People v. Superior Court (Lavi), supra,* 4 Cal.4th at p. 1176, fn. 7.) Second, under rules of statutory construction "even if the definition of 'master calendar,' as used in section 170.6, does depend on that term's definition in the California Rules of Court, the definition of 'master calendar' as it existed under former rule 223 controls because there is no evidence that rule 205 in any way altered the meaning of the term 'master calendar.' " (4 Cal.4th at p. 1176, fn. 7.)

Turning to the facts before it, the *Lavi* court noted that although "[u]nder a true master calendar, a 'ready case is assigned to a ready department' " (*People v. Superior Court (Lavi), supra,* 4 Cal.4th at p. 1175), "[h]ere, the

---

[4] Former California Rules of Court, rule 205 (repealed eff. Jan. 1, 2001), enumerated the duties of the presiding judge. These included: "if a master calendar system is used, assign to a master calendar judge any of the duties that may more appropriately be performed by that department . . . ." (*Id.,* rule 205(4).) (Duties of the presiding judge are now set forth in Cal. Rules of Court, rule 6.603.)

master calendar department 'assign[ed] [the] case to a trial department well in advance of the trial date . . . .' [Citation.] (In fact, no trial date had even been selected.) The parties acknowledged that the case was *not* ready for trial on the day of the assignment and it was not assigned to a ready department. There was no practical need to immediately disqualify Judge Trammell so that he might hear another pending case that day. Thus, because [the master calendar court] transferred the case for 'trial setting' for a future trial date, there was no assignment for trial by a judge supervising the master calendar within the meaning of section 170.6. For the master calendar rule to apply, there must be a true master calendar assignment of a ready case to a ready courtroom." (4 Cal.4th at pp. 1176–1177.) Accordingly, the master calendar rule did not apply in *Lavi* because "the master calendar department was not managing a true master calendar by assigning ready cases to departments for trial." (*Id.* at p. 1174.)

The People assert that the superior court's system meets the *Lavi* definition of master calendar because it assigns ready cases to ready divisions for trial. The People claim further support for their position based on state and local rules. California Rules of Court, rule 227.2 (Criminal Trial Court Management Rules) provides that a supervising judge of a criminal division "shall assign criminal matters requiring a hearing or cases requiring trial to a trial department." (*Id.*, rule 227.2(a).) And "[t]o the extent that the business of the court requires, the presiding judge may designate additional judges under the direction of the supervising judge to perform the duties specified in this rule." (*Id.*, rule 227.2(c).) In addition, Los Angeles County Court Rules, rule 2.3(b), provides that the "Supervising Judge of the Criminal Division shall preside in the Criminal Master Calendar Department of the Central District and shall be . . . responsible for the establishment of uniform procedures and court policy relative to criminal matters which shall be applicable to all courts hearing criminal matters." Thus, argue the People, transfers for trial from the direct set courts of the central district constitute assignments for purposes of section 170.6 because "Assistant Supervising Judge Schnegg controls the 'master calendar' comprised of all trial-ready cases. Assistant Supervising Judge Schnegg oversees the assignment for trial of all the trial-ready cases, but delegates to the trial court judges the duty of announcing the assignment and transferring those cases."

But the issue before the court in *Lavi* was whether a court that had been labeled a master calendar was acting in a master calendar capacity when it assigned a case that was not "a ready case to a ready courtroom." (*People v. Superior Court (Lavi), supra,* 4 Cal.4th at p. 1177.) The question here is the opposite: whether a court that does not bear the label master calendar and has not provided advance notice that it is deemed to be such is a master calendar

for purposes of section 170.6 merely because on the direction of the assistant supervising judge it assigns trial-ready cases to ready courts.

The answer does not lie in California Rules of Court, rule 227.2, because the rule says nothing about how cases are to be assigned. Nor does Los Angeles County Court Rules, rule 2.3(b), which does not mention assignment of cases, shed any light on the issue. Indeed, local rule 2.5(b), which sets forth the types of actions, proceedings, and procedures for which the criminal master calendar department bears responsibility, does not include trial assignments as one of the department's duties.

The People further argue it is irrelevant that counsel do not receive notice that central district direct set courts consider themselves master calendars because "[i]t has been long held parties and their counsel are presumed to know the applicable law and rules of procedure. [Citations.] Therefore, after the *Lavi* decision in 1993, all parties and their attorneys, who must be present at the time the trial assignment under the superior court's system . . . , know or should know that the master calendar rule applies *whenever* a judge assigns a trial-ready case to a ready court for immediate trial and that any peremptory challenge must be filed at that time." We disagree.

Regardless of whether *Lavi* redefined master calendar, we note that in addition to the central district, there are many other limited jurisdiction criminal courts in the Los Angeles County system. Although the record is silent as to the methods of case assignment in those courts, we may reasonably presume that these methods differ from district to district as well as on a county-to-county basis. It is unrealistic to expect all counsel, including those who may primarily practice in other counties, to be aware of the unwritten rules for assignment of cases in the central district as well as other locations where they practice and to determine whether a 1993 decision of the California Supreme Court has transformed the trial courtroom in which they are appearing into something that may be deemed a master calendar for purposes of section 170.6. (Cf. *Shipp v. Superior Court* (1992) 5 Cal.App.4th 147, 151–152 [6 Cal.Rptr.2d 685] [local court rule appearing in written manual may establish nature of assignment under section 170.6].)

We recognize that Judge Schnegg has set forth serious administrative concerns about the effects of failing to deem direct set courts as master calendars. But the lack of any official designation or even informal notice that these courts are acting as master calendars leaves counsel guessing when and where a section 170.6 challenge must be filed. And while we are aware of no precedent for individual trial courts to act as surrogate master calendars, it may be that new rules or procedures can be fashioned that would require a section 170.6 challenge to be filed in the division that sends a trial-ready case

to a trial-ready courtroom. Nevertheless, in the interim, given the current practice in the Central District of the Los Angeles County Superior Court, the master calendar rule cannot be imposed against defendants whose cases are being transferred for trial from one direct set courtroom to another within the district. Accordingly, defendant in this case is entitled to relief.

## DISPOSITION

Let a peremptory writ of mandate issue commanding the Appellate Division of the Los Angeles County Superior Court to vacate its order of November 3, 2003, denying defendant's petition for a writ of mandate and to enter a new and different order granting the petition and further ordering the Los Angeles County Superior Court, Limited Jurisdiction, to vacate and set aside its order of October 22, 2003, refusing to honor petitioner Javier Ruiz's disqualification of Judge Walmark pursuant to Code of Civil Procedure section 170.6 and set aside all orders made by Judge Walmark following his disqualification on October 22, 2003. The order shall also provide that all further proceedings against petitioner are to be conducted before a judge other than Judge Walmark. The temporary stay order issued on November 7, 2003, is dissolved.

Ortega, Acting P. J., and Vogel, J., concurred.

A petition for a rehearing was denied June 29, 2004, and petitioner's petition for review by the Supreme Court was denied September 15, 2004.