[No. D062951. Fourth Dist., Div. One. Mar. 12, 2013.]

ENTENTE DESIGN, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
LEIGH A. PFEIFFER, Real Party in Interest.

## COUNSEL

Karcher Harmes, Kathryn E. Karcher; Ravin Glovinsky, William W. Ravin and Jason L. Glovinsky for Petitioners.

Kristine P. Nesthus, David E. Westman and Susanne C. Washington for Respondent.

Mitchell Gilleon Law Firm and James C. Mitchell for Real Party in Interest.

## OPINION

### McCONNELL, P. J.—

#### INTRODUCTION

In this petition, we must decide whether, for purposes of determining the timeliness of a challenge to a trial judge under Code of Civil Procedure[1]

---

[1] Further statutory references are also to the Code of Civil Procedure.

section 170.6 (section 170.6 challenge), an independent calendar court functioned as a master calendar court when the independent calendar court assigned a case to another courtroom. We conclude under the circumstances presented that the independent calendar court did not function as a master calendar court. Therefore, the section 170.6 challenge at issue in this case was timely and the superior court should have granted it.

## BACKGROUND

This petition arises from a corporate dissolution action filed by minority shareholder Leigh A. Pfeiffer (plaintiff) against Entente Design, Inc., and majority shareholders John and Carrie Arbuckle (defendants). The case was originally assigned to the Hon. John S. Meyer for all purposes.

On November 6, 2012, counsel attended an ex parte hearing. At the hearing, Judge Meyer granted defense counsel's request to continue the start of trial one day from November 13 to November 14. Judge Meyer also orally advised counsel he would not be available on November 14 and would tell them at trial call on November 9, which trial judge would be assigned the case.

On the morning of November 9, counsel appeared before Judge Meyer and defense counsel agreed to a bench trial. Judge Meyer informed counsel the Hon. Luis R. Vargas was available to try the case on November 14. Although defendants dispute this point, according to Judge Meyer both counsel indicated they had no problem with having the case assigned to Judge Vargas. Judge Meyer directed them to report to Judge Vargas's courtroom "forthwith." Counsel immediately reported to the courtroom and briefly consulted with Judge Vargas. Judge Vargas confirmed the bench trial and the November 14 trial date. Within an hour after leaving the courtroom, defense counsel filed a section 170.6 challenge to Judge Vargas.

Judge Vargas's clerk contacted defense counsel in the afternoon of November 9 seeking an explanation for why defense counsel failed to raise the issue with Judge Meyer or Judge Vargas that morning. Defense counsel explained he had not had an opportunity to discuss the matter with his clients and did not want to raise the possibility of a section 170.6 challenge unless he was actually going to file one. Judge Vargas subsequently denied the challenge as untimely.

Defendants filed this petition asserting the superior court improperly denied the challenge. After considering the parties' briefing and arguments, as well as briefing and arguments from the superior court,[2] we conclude the challenge was timely and grant the petition.[3]

## DISCUSSION

"We review the trial court's denial of the section 170.6 challenge for an abuse of discretion. A trial court 'abuses its discretion when it erroneously denies as untimely a section 170.6 challenge.' " (*D.M. v. Superior Court* (2011) 196 Cal.App.4th 879, 886 [126 Cal.Rptr.3d 785].)

■ "Section 170.6 permits a party to an action to disqualify summarily an assigned judge based on a sworn statement of the party's belief that the judge is prejudiced against that party or the party's attorneys. Provided the statement is timely and in proper form, the judge has no discretion to refuse the challenge. [Citations.] The right to disqualify a judge under section 170.6 ' "is 'automatic' in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required." ' " (*Pickett v. Superior Court* (2012) 203 Cal.App.4th 887, 892 [138 Cal.Rptr.3d 36].)

■ Generally, a section 170.6 challenge is permitted any time before the commencement of a trial or hearing. There are, however, three exceptions to the general rule: the all-purpose assignment rule, the 10-day/five-day rule, and the master calendar rule. (*People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1171 [17 Cal.Rptr.2d 815, 847 P.2d 1031] (*Lavi*).) For any given factual scenario, a court must determine whether any of the exceptions apply, or whether the general rule applies. (*Id.* at p. 1172.) " ' "As a remedial statute,

---

[2] Although we recognize the superior court ordinarily lacks standing to oppose a petition such as this (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1071 [103 Cal.Rptr.2d 751, 16 P.3d 166]), we invited a response from the superior court because of the potential impact of our decision on the superior court's civil case management procedures. (*Hemingway v. Superior Court* (2004) 122 Cal.App.4th 1148, 1153 [19 Cal.Rptr.3d 363].) We consider the superior court's response as an amicus curiae brief on behalf of plaintiff. (*Ibid.*; *Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315, fn. 2 [104 Cal.Rptr.2d 173].)

[3] While this petition was pending, Judge Vargas retired. Notwithstanding the petition's arguable mootness, we exercise our inherent discretion to decide it because it involves matters of continuing public interest. (*Oaks Management Corporation v. Superior Court* (2006) 145 Cal.App.4th 453, 458, fn. 1 [51 Cal.Rptr.3d 561].)

section 170.6 is to be liberally construed in favor of allowing a peremptory challenge, and a challenge should be denied only if the statute absolutely forbids it." ' " (*Pickett v. Superior Court, supra,* 203 Cal.App.4th at p. 892.)

Under the all-purpose assignment rule, a section 170.6 challenge to a judge must be filed within 10 days for criminal cases, or within 15 days for civil cases, after notice of the judge's all-purpose assignment. (§ 170.6, subd. (a)(2); *Lavi, supra,* 4 Cal.4th at p. 1178.)

Under the 10-day/five-day rule, a section 170.6 challenge to a judge who has not been assigned for all purposes must be filed at least five days before the trial date if the judge's identity is known more than 10 days before that date. (§ 170.6, subd. (a)(2); *Lavi, supra,* 4 Cal.4th at p. 1182.) Neither party contends these exceptions apply in this case.

■ Instead, the parties dispute whether the master calendar rule applies. Under the master calendar rule, a section 170.6 challenge must be filed no later than the time the case is assigned for trial. (§ 170.6, subd. (a)(2); *Lavi, supra,* 4 Cal.4th at p. 1172.) If the rule applies, defendants' section 170.6 challenge was untimely because they made it approximately an hour after Judge Meyer assigned the case to Judge Vargas for trial. If the master calendar rule does not apply, then the general rule applies and defendants' challenge was timely because defendants made it before the trial commenced.

■ Whether the master calendar rule applies depends on whether Judge Meyer was managing a true master calendar when he assigned this case to Judge Vargas. (*Lavi, supra,* 4 Cal.4th at pp. 1174–1175.) A judge manages a true master calendar when the judge assigns trial-ready cases to trial-ready courtrooms, for it is this circumstance that justifies the master calendar rule. (*Id.* at pp. 1175–1177.) When there is a trial judge ready and able to commence a trial, it is impracticable to allow litigants the time period permitted under the other rules to consider the advisability of making a section 170.6 challenge. By requiring litigants to make their challenges immediately upon assignment from the master calendar, the master calendar rule allows the judge in the master calendar courtroom to promptly utilize a challenged trial judge for another pending trial. (*Lavi,* at pp. 1175–1176, citing *People v. Escobedo* (1973) 35 Cal.App.3d 32, 38–39 [110 Cal.Rptr. 550].)

■ The instant case did not involve a true master calendar assignment because the case was not ready for immediate trial when Judge Meyer

assigned it to Judge Vargas. The trial was to commence no earlier than two court days after the assignment. Where cases are assigned to a trial judge for a future trial, the justification for the master calendar rule does not exist and the rule does not apply. (*Lavi, supra,* 4 Cal.4th at pp. 1176–1177; *Villarruel v. Superior Court* (1973) 35 Cal.App.3d 559, 563–564 [110 Cal.Rptr. 861]; see *Stevens v. Superior Court* (1997) 52 Cal.App.4th 55, 59, fn. 6 [60 Cal.Rptr.2d 397] [questioning whether, for purposes of applying the master calendar rule, a case assigned to a trial judge four days before the trial's commencement was trial ready].)

Even if Judge Meyer was managing a true master calendar when he assigned this case to Judge Vargas, the master calendar rule does not apply unless the parties had advance notice Judge Meyer was acting as master calendar judge then. (*Ruiz v. Appellate Division of the Superior Court* (2004) 119 Cal.App.4th 282, 290–292 [14 Cal.Rptr.3d 190].) In *Ruiz,* the defendant's misdemeanor case was assigned to a trial department where it was set for trial. (*Id.* at p. 284.) The trial court did not have master calendar courtrooms for misdemeanor cases. Instead, after a defendant's arraignment, the defendant's case was assigned to a "direct set" trial court, which handled all pretrial motions. When the direct set trial court determined the case was ready for trial, the trial court reassigned the case to an open courtroom. (*Id.* at pp. 285–286.) Very few direct set trial courts tried their own cases, and there was a greater probability a case would be reassigned for trial than be tried in the direct set trial court. (*Id.* at p. 286.)

On the date the parties to the defendant's case announced they were ready for trial, the trial court informed the parties it would be trying another matter that day and it transferred the case to another trial department. (*Ruiz, supra,* 119 Cal.App.4th at p. 284.) Later that day, defense counsel appeared in the receiving trial department and filed a section 170.6 challenge to the trial judge. The trial judge denied the challenge as untimely, finding the transferring department was a master calendar department and, therefore, the section 170.6 challenge had to be filed at the time of the transfer. (*Ruiz,* at pp. 284–285.)

The appellate court, however, concluded the master calendar rule did not apply to cases transferred from a direct set court to another courtroom for trial if the defendants did not have advance notice the direct set court was acting as a master calendar court in that circumstance. (*Ruiz, supra,* 119

Cal.App.4th at pp. 290–292.) The appellate court reasoned a contrary conclusion would leave "counsel guessing when and where a section 170.6 challenge must be filed." (*Id.* at p. 291.)

The parties do not assert and the record does not show the parties had advance notice Judge Meyer was acting as a master calendar judge when he assigned this case to Judge Vargas for trial. Because a master calendar judge and a judge assigned to a case for all purposes function differently (see *Zilog, Inc. v. Superior Court, supra*, 86 Cal.App.4th at p. 1316), the parties would not have necessarily anticipated Judge Meyer was acting as a master calendar judge when he assigned the case to Judge Vargas. It would have been more reasonable for them to believe the transfer of the case to Judge Vargas was encompassed within Judge Meyer's all-purpose assignment duties.

The superior court's rule for civil case assignments also does not provide the parties notice that all-purpose assignment judges act as master calendar judges when they transfer cases for trial. The rule states in relevant part, "At the time an action is filed, it will be assigned *either* to the master calendar or to a judge for all purposes." (Super. Ct. San Diego County, Local Rules, rule 2.1.3, italics added.) The either/or dichotomy implies an assignment for all purposes and an assignment to the master calendar are mutually exclusive. (See, e.g., *People v. Hunter* (1977) 71 Cal.App.3d 634, 638 [139 Cal.Rptr. 560] [notwithstanding a court's internal case assignment procedures, where a court rule provides for only one designated master calendar department, a trial department does not act as a master calendar department when it transfers one of its assigned cases to another trial department]; *Los Angeles County Dept. of Pub. Social Services v. Superior Court* (1977) 69 Cal.App.3d 407, 410, 413–415 [138 Cal.Rptr. 43] [in a juvenile court with no official master calendar, the master calendar rule does not apply to the transfer of a case from a supervising judge to a referee].)

■ As this case was not trial ready when Judge Meyer transferred it to Judge Vargas and as the record does not show the parties had notice Judge Meyer was acting as a master calendar judge when he made the transfer, we conclude the master calendar rule does not apply to defendants' section 170.6 challenge. Accordingly, we conclude the superior court abused its discretion when it denied the challenge as untimely.[4]

---

[4] For the first time in their reply, defendants argue they are entitled to file a challenge to Judge Meyer under section 170.6, subdivision (a)(2), when this matter is returned to the superior court. They further request we direct the superior court to send the case to the master calendar department for reassignment to a judge other than Judge Meyer. We decline to address these matters as defendants have not established they are properly before us.

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its November 9, 2012, order denying the section 170.6 challenge and issue a new order granting it. The stay issued by this court on November 13, 2012, is vacated. Petitioners are entitled to recover their costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

O'Rourke, J., and Aaron, J., concurred.