Filed 5/13/14  Marriage of Hicks and Garbani CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of WILL HICKS AND CORRINE GARBANI. | |
| WILL W. HICKS, JR., | E057696 |
| Appellant, | (Super.Ct.No. HED017090) |
| v. | OPINION |
| CORRINE GARBANI, | |
| Respondent. | |

APPEAL from the Superior Court of Riverside County.  Bradley O. Snell, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Dismissed.

Will W. Hicks, Jr. in Pro per.

No appearance for Respondent.

The marriage of Will Hicks (Hicks) and Corrine Garbani (Garbani) was dissolved in 2009, followed by a series of child custody and child support orders.  One motion to reconsider a post judgment order regarding child support was considered on May 9, 2012.

1

Two weeks later, Hicks filed a Code of Civil Procedure section 170.6, declaration to disqualify the commissioner who had made the order. Subsequently, Hicks filed a federal lawsuit against the Hemet Branch of the Riverside County Family Law Court, followed by another attempt to disqualify the commissioner. In August 2012, child support was modified to obligate Garbani to pay Hicks $281.00 per month, and the court determined that the federal lawsuit had no bearing on the court's ability to make a ruling. Hicks appealed.

On appeal, Hicks complains that his attempts to disqualify the judicial officer were erroneously denied.[1] Because such a ruling is not appealable, we dismiss the appeal.

## BACKGROUND[2]

We refer to the Register of Actions for salient history. The marriage of Hicks and Garbani was apparently filed in Riverside County following a transfer of the case from Los Angeles County in June 2009. On February 4, 2010, Hicks and Garbani entered into a stipulated agreement for child custody and visitation, which was ordered by the court. Two weeks later, Hicks filed an Order to Show Cause for modification of the child

---

[1] Garbani did not file a respondent's brief. Some courts treat the failure to file a respondent's brief as a consent to a reversal. But the judgment is not automatically reversed. The better rule is to examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found. (*In re Bryce C.* (1995) 12 Cal.4th 226, 232-233.)

[2] We refer to the Register of Actions and take judicial notice of our prior opinion in *In re Marriage of Hicks* (E050930, filed 8/2/11), for additional history.

custody, visitation and support orders, which was denied on April 26, 2010. Hicks

appealed that order and we affirmed it on August 2, 2011.

In the meantime, however, Garbani sought a modification of child support which

was heard on February 9, 2011, by Commissioner Nagby, who ordered Hicks to pay

$647.00 per month for child support. On March 7, 2011, Hicks filed a motion to

reconsider that child support order. That motion and a motion filed by Garbani to deem

Hicks a vexatious litigant on April 25, 2011, were assigned to Judge Monterosso. Judge

Monterosso continued the motion for reconsideration because it needed to be heard by

Commissioner Nagby, who was unavailable.

Hicks filed a motion to disqualify Judge Monterosso, which was denied on June

21, 2011. The following day, June 22, 2011, Judge Monterosso heard testimony in

support of Garbani's request to deem Hicks a vexatious litigant, and continued that

matter. On June 22, 2011, Commissioner Nagby heard the motion for reconsideration of

the February 9, 2011 order and denied it.[3] On July 8, 2011, Hicks filed another Code of

Civil Procedure section 170.6 affidavit to disqualify Judge Monterosso, which was

denied.

On August 12, 2011, Hicks attempted to file a written statement pursuant to Code

of Civil Procedure sections 170.1, subdivision (6)(A)(iii) [*sic*], 170.8, and 170.3, but the

documents were rejected because they lacked proper service pursuant to Code of Civil

---

[3] Judge Monterosso ruled on the vexatious litigant matter on August 11, 2011, but the nature of the ruling was not described in the minute order.

3

Procedure section 170.3, subdivision (c)(1).[4]  In the meantime, the County of Riverside

Child Support Division (County) was substituted as payee regarding payment of child

support.  On October 18, 2011, the County filed a motion seeking interpretation of the

February 9, 2011 child support order, because a letter dated September 28, 2011,

erroneously indicated that Hicks' child support obligation was decreased by $647.00 per

month.  On December 8, 2011, the motion was heard by Commissioner Walter Kubelun,

who found that Hicks was ordered to pay child support.

On December 9, 2011, Hicks filed an Order to show cause re Modification of

Child Support.  On January 12, 2012, Hicks filed a Code of Civil Procedure section 170.6

against Commissioner Nagby, which was granted, and the matter was assigned to

Commissioner Bradley Snell for all purposes on January 31, 2012.  On February 15,

2012, Hicks filed a motion to transfer the matter from the Hemet Branch of the Family

Law Court to the Riverside Branch.  On March 8, 2012, Hicks filed a motion for

reconsideration,[5] which was set for hearing on May 9, 2012.

On May 9, 2012, Commissioner Snell heard evidence regarding the

reconsideration motion and Hicks' motion to modify child support.  At that hearing,

---

[4] We cannot discern from the Register of Actions which judge was the subject of this motion.

[5] The minutes do not describe the nature of the order for which Hicks sought reconsideration, and the Appellant's Appendix does not include the motion.

Garbani apparently waived her right to support[6] and the court set the support amount at zero. The court also denied Hicks' motion to transfer the case to Riverside. As to the reconsideration motion, the court reserved ruling.

On May 23, 2012, Hicks filed a Code of Civil Procedure section 170.6 affidavit seeking disqualification of Commissioner Snell, which was denied. On June 27, 2012, Commissioner Snell heard Hicks' motion for reconsideration. At the hearing, Garbani's attorney informed the court of Hicks' lawsuit against the Court, as well as a Code of Civil Procedure section 170.3 filed against Commissioner Snell. The court indicated it was aware of the lawsuit; it denied the Code of Civil Procedure section 170.3 because the court did not consider itself biased, and denied Hicks' motion to reconsider. The court put Hicks' application for modification of child support over until August 9, 2012.

On August 9, 2012, the court (Commissioner Snell) heard Hicks' motion for modification of the child support order, determining that the pending federal lawsuit had no bearing on its ability to rule on the matters. Using the Child Support Guidelines, the court imputed 17.5 percent of the (custodial) time to Hicks, as well as $3500.00 per month of income. The court calculated Garbani's monthly income to be $6125.00, in addition to $21,790 in other taxable income. Based on these calculations, the court ordered Garbani to pay child support to Hicks in the amount of $281.00 per month.

On February 11, 2012, Hicks appealed.

---

[6] The minutes refer to "Petitioner" wishing to forego "her" right to support, so we assume the court mistook Garbani for the petitioner.

## DISCUSSION

Hicks' brief argues, in various ways, that Commissioner Snell should have been disqualified upon the filing of Hicks' Code of Civil Procedure section 170.6 challenge. First, he complains that Commissioner Snell erroneously determined that the Civil Code of Procedure section 170.6, which was filed on May 23, 2012, was untimely. Next he claims that Commissioner Snell's order of August 9, 2012, was void because a commissioner is only qualified upon stipulation of all party litigants, and Hicks claims not to have stipulated. Hicks also purports to raise an argument that Commissioner Snell was not impartial within the meaning of Code of Civil Procedure, section 170.1(6)(A)(iii) [*sic*], and that the court did not comply with section 170.6, subdivision (a)(1).

Hicks' arguments fail because (1) his challenge was untimely, and (2) the determination of the question of the disqualification of a judge under any of the related code sections is not an appealable order. A ruling on a disqualification challenge may be reviewed only by filing a petition for writ of mandate within 10 days the court orders determining the question of disqualification. (Code Civ. Proc., § 170.3, subd. (d); *D.C. v. Harvard-Westlake School* (2009) 176 Cal.App.4th 836, 849-850.) This law governs rulings on peremptory challenges pursuant to section 170.6, as well as determinations under Code of Civil Procedure section 170.3. (*D.C. v. Harvard-Westlake, supra,* at p. 849; see also, *People v. Hull* (1991) 1 Cal.4th 266, 272-273.)

Generally, a Code of Civil Procedure section 170.6 challenge is permitted any time before the commencement of a trial or hearing, but there are three exceptions to the

6

general rule: (1) the all-purpose assignment rule; (2) the 10-day/five-day rule; and (3) the master calendar rule. (*Entente Design, Inc. v. Superior Court* (2013) 214 Cal.App.4th 385, 389, citing *People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1171.) Under the all-purpose assignment rule, a Code of Civil Procedure section 170.6 challenge to a judicial officer must be filed within 10 days for criminal cases, or within 15 days for civil cases, after notice of the judge's all-purpose assignment. (*Entente Design, Inc., supra,* 214 Cal.App.4th at p. 390.)

A motion to disqualify a judge can be made after any hearing or proceeding which does not involve a contested fact issue. (*Landmark Holding Group v. Superior Court* (1987) 193 Cal.App.3d 525, 527.) Code of Civil Procedure section 170.6, as amended in 1967, expressly applies to commissioners as well as judges. (Code of Civ. Proc., § 170.6, subd. (a)(1); *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 365.) A challenge under Code of Civil Procedure section 170.6 is not timely when made after a judge has heard and ruled on contested issues of law or fact in any action or proceeding. (See *Swift v. Superior Court* (2009) 172 Cal.App.4th 878, 883.)

More importantly, it is well settled that under our statutory scheme, a petition for writ of mandate is the exclusive method of obtaining review of a denial of a judicial disqualification motion. (*People v. Freeman* (2010) 47 Cal.4th 993, 1000, citing *People v. Mayfield* (1997) 14 Cal.4th 668, 811.)

After Hicks successfully disqualified Commissioner Nagby on January 31, 2012, the case was re-assigned to Commissioner Snell "for ALL PURPOSES." Hicks'

challenge was not filed within 15 days of that date.  Nor was it filed at any time *prior* to the May 9, 2012, making the challenge untimely.

Because the challenge was untimely, and because the determination of that challenge is not appealable, the appeal is dismissed.

### DISPOSITION

The appeal is dismissed.  Each party to bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORT

RAMIREZ _____
                                                    P. J.


We concur:

KING _____
                        J.

MILLER _____
                        J.

8