Filed 9/17/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B305626 |
| Petitioner, | (Los Angeles County Super. Ct. No. YA092768) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| ROBERT BRIAN REAGAN, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Edmund Willcox Clarke, Jr., Judge. Petition denied.

Jackie Lacey, District Attorney, John Niedermann and Matthew Brown, Deputy District Attorneys, for Petitioner.

No appearance by Respondent.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Real Party in Interest.

We consider how the occasionally arcane timeliness rules for Code of Civil Procedure section 170.6 (Section 170.6) judicial peremptory challenges should apply in case of a proceeding initiated by the filing of a habeas corpus petition in Los Angeles County Superior Court.

I

A jury convicted Real Party in Interest Robert Brian Reagan (Reagan) of second degree murder for stabbing his girlfriend to death while their son slept in the next room. In 2019, we affirmed the judgment on direct appeal.

After his conviction was final, on January 30, 2020, Reagan filed a voluminous habeas corpus petition in the superior court. The substance of the claims asserted in that petition are unimportant for our present purposes; the mechanics of the superior court's processing of his petition, and the People's response to the filing of the petition, are what matter.

The habeas petition was initially filed in Department 100 of the superior court. That was consistent with the superior court's local rules, which state a petition filed in a noncapital case after the defendant is held to answer must (for Central District cases) be filed with the Supervising Judge of the Criminal Division in Department 100. (Super. Ct. L.A. County, Local Rules, rule 8.33(a)(1)(A).) The same local rule further provides the "supervising judge (sitting as a master calendar court) will promptly assign the petition to the department where sentence was imposed . . . ." (*Ibid.*)

Consistent with the local rule, Reagan's petition was sent from Department 100 to the Torrance Courthouse, and on February 20, 2020, the supervising judge in Torrance assigned

2

the matter "for review and ruling" to Department G, the department in which Reagan's criminal trial had been held. Because the judge who presided over Reagan's trial was no longer assigned to that department, Judge Edmund Clarke was the recipient of the petition for ruling.

As his first order of business, Judge Clarke calendared the petition for a "status review" on a date in March 2020. Before the appointed status review date, however, Judge Clarke issued a March 10, 2020, in-chambers order (with no parties present) summarizing the gist of the habeas petition and ordering the Los Angeles County District Attorney (District Attorney) to file an informal response within 45 days—a sua sponte extension of the customary 15-day time to file such a response. Judge Clarke's order permitted Reagan to file a reply to the informal response and stated the matter would "stand submitted" if no reply were filed. The order included directions to the court clerk to serve the order on the District Attorney and counsel for Reagan.[1]

On April 15, 2020, i.e., just over a month after Judge Clarke's order requesting an informal response, the District Attorney filed a Section 170.6 peremptory challenge against Judge Clarke. A memorandum of points and authorities accompanying the challenge argued it was timely filed because "there is a presumption that . . . an all purpose assignment [of

---

[1] In her petition in this court, the District Attorney acknowledges Judge Clarke ordered the clerk to serve a copy of the order on the District Attorney's office and "assume[s] that the clerk did so." There is no need for assumptions, however. The copy of Judge Clarke's order in the record bears a stamp indicating it was received in the appellate division of the District Attorney's office on March 13, 2020, at 2:29 p.m.

Judge Clarke] occurred by virtue of his issuance of the order for an informal response," "the all purpose assignment time limits in [S]ection 170.6, subdivision (a)(2), apply," and that subdivision's 10-day deadline had not even begun to run because the District Attorney "'ha[d] not yet appeared in th[is] action.'"

The day after the Section 170.6 challenge was filed, Judge Clarke denied it as untimely. Judge Clarke noted his denial of the challenge as untimely "renders moot the problem that [the District Attorney's peremptory challenge] do[es] not show service on [Reagan's] counsel."

The District Attorney filed a petition for writ of mandate in this court challenging Judge Clarke's denial of its Section 170.6 motion. We issued an order to show cause and specifically invited counsel for the superior court to respond to the petition given the obvious implications for superior court operations and practice. Superior court counsel, however, declined our invitation, which left the District Attorney and Reagan as the only parties to file briefs in this proceeding.

II

We shall explain in more detail, but the bottom line is the trial court correctly ruled the District Attorney's Section 170.6 motion was untimely. Although the District Attorney tries to walk back her concession below that the assignment of the habeas petition to Judge Clarke was one for all purposes, precedent (including the same precedent the District Attorney cited below) holds that is indeed what the assignment should be considered. Applying Section 170.6's all purpose assignment rule, the peremptory challenge to Judge Clarke had to be made "within 10 days after notice of the all purpose assignment, or if

4

the party has not yet appeared in the action, then within 10 days after the appearance." (§ 170.6, subd. (a)(2).) The District Attorney received notice of Judge Clarke's assignment well more than ten days before it filed its Section 170.6 motion, and in the peculiar context of a habeas corpus proceeding where the assigned judge gives notice of his or her assignment to the District Attorney by ordering an informal response, that notice provision controls and the later "10 days after the appearance" deadline in Section 170.6, subdivision (a)(2) is inoperative.[2]

"Section 170.6 provides that '[a] judge, court commissioner, or referee of a superior court of the State of California shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding.' (§ 170.6, subd. (a)(1).) Prejudice is established, for purposes of [S]ection 170.6, by a motion supported by an 'affidavit or declaration under penalty of perjury, or an oral statement under oath' that the assigned judge 'is prejudiced against a party or attorney . . . so that the party or attorney cannot, or believes that he or she cannot, have a fair and

_____

[2]     Because it ultimately would not change our disposition of this proceeding, and because the parties' briefs train nearly all of their focus on the all purpose assignment and general timeliness rules, we do not discuss whether the assignment of the petition to Judge Clarke under Los Angeles County Superior Court Local Rule 8.33 could constitute "the trial of a cause with a master calendar," nor whether the District Attorney's failure to serve its Section 170.6 motion on opposing counsel rendered it inoperative.

impartial trial or hearing before the judge . . . .' (§ 170.6, subd. (a)(2).) So long as the 'motion is duly presented, and the affidavit or declaration under penalty of perjury is duly filed or an oral statement under oath is duly made, thereupon and without any further act or proof,' a different judge must be assigned to try the cause or hear the matter. (§ 170.6, subd. (a)(4).)" (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 972 (*Maas*).)

"Section 170.6 does not mention habeas corpus proceedings or, for that matter, any writ or postconviction relief petitions." (*Bontilao v. Superior Court* (2019) 37 Cal.App.5th 980, 990 (*Bontilao*).) But our Supreme Court has held Section 170.6 motions may be successfully brought in habeas corpus proceedings where (as here) the assigned judge is not the judge who presided over the underlying criminal matter. (*Maas, supra,* 1 Cal.5th at 975-976, 979.) Though Section 170.6 motions are fair game in such circumstances, "the Legislature was well aware of the potential that [Section 170.6's] provisions 'may be abused by parties seeking to delay trial or to obtain a favorable judge[,]'" and the statute accordingly "restricts both the number and the timing of a peremptory challenge against a judge." (*Id.* at 973; see also *id.* at 983, fn. 3 [explaining the court in *Maas* had no occasion to address questions regarding the timeliness rules that apply to a Section 170.6 motion in a habeas proceeding].)

Owing to the awkwardness in applying Section 170.6 rules to habeas proceedings that are not mentioned in the text of the statute (which instead uses terms like "hearing," "trial," and "cause" that are more geared to typical civil and criminal proceedings), determining the timeliness of a Section 170.6 challenge to a judge assigned to decide a habeas corpus petition is "difficult[ ]." (*Bontilao, supra,* 37 Cal.App.5th at 990.) Here is

the statutory text that sets the pertinent rules: "If the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to, or who is scheduled to try, the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least 5 days before that date. If directed to the trial of a cause with a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. If directed to the trial of a criminal cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance. If directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 15 days after the appearance." (§ 170.6, subd. (a)(2).)

That dense statutory text cries out for a simplified summary, and prior opinions have endeavored to summarize. This is a good one: "Generally, a [S]ection 170.6 challenge is permitted any time before the commencement of a trial or hearing. There are, however, three exceptions to the general rule: the all-purpose assignment rule, the 10-day/five-day rule, and the master calendar rule. (*People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1171[ (*Lavi*)].) [¶] . . . [¶] Under the all-purpose assignment rule, a [S]ection 170.6 challenge to a judge must be filed within 10 days for criminal cases, or within 15 days for civil cases, after notice of the judge's all-purpose assignment.

7

[Citations.] [¶] Under the 10-day/five-day rule, a [S]ection 170.6 challenge to a judge who has not been assigned for all purposes must be filed at least five days before the trial date if the judge's identity is known more than 10 days before that date. [¶] . . . [¶] Under the master calendar rule, a [S]ection 170.6 challenge must be filed no later than the time the case is assigned for trial. [Citations.]" (*Entente Design, Inc. v. Superior Court* (2013) 214 Cal.App.4th 385, 389-390.)

As the court in *Bontilao* recently explained, our Supreme Court has held that "for a case assignment to be an all purpose assignment, two prerequisites must be met. [Citation.] First, the method of assigning cases must 'instantly pinpoint' the judge whom the parties can expect to ultimately preside at trial. Second, that same judge must be expected to process the case 'in its totality' [citation], from the time of the assignment, thereby 'acquiring an expertise regarding the factual and legal issues involved, which will accelerate the legal process.' [Citation.] (*Lavi, supra*, 4 Cal.4th at [ ] 1180[ ].)" (*Bontilao, supra*, 37 Cal.App.5th at 991-992; see also *Lavi, supra*, 4 Cal.4th at 1180, fn. 13 [cautioning that an all purpose assignment does not literally mean the specified judge must handle every issue that arises in a case from start to finish, which would be an "impracticable standard"].)

These two prerequisites are satisfied here. The February 20, 2020, order assigned Reagan's habeas petition to Judge Clarke in Department G and the judge's subsequent informal response order, served on the parties, instantly pinpointed him as the assigned judicial officer. The District Attorney concedes as much. In addition, Judge Clarke's assignment was for "review and ruling" on the habeas petition, and this is naturally

understood as a direction to handle the special habeas proceeding in its totality from the time of his assignment—in other words, an assignment for all purposes. (See, e.g., *Bontilao*, *supra*, 37 Cal.App.5th at 997.)

The District Attorney nonetheless offers several meritless arguments to the contrary—not just the contrary of the conclusion we have drawn, mind you, but the contrary of its own argument below that Section 170.6's all purpose assignment rule applies. The District Attorney now contends there has been no all purpose assignment because it never received notice Judge Clarke had been assigned for all purposes—in other words, the informal response order did not include text (as there was in *Bontilao*, *supra*, 37 Cal.App.5th at 997) stating Judge Clarke was assigned for all purposes. But it is well established, even in *Bontilao* itself, that the label a court slaps on an assignment is not controlling and the practical reality of the assignment under the two aforementioned criteria set by our Supreme Court is what matters. (*Bontilao*, *supra*, at 997 ["the superior court's label of the assignment 'does not automatically control' the application of the timing rules of [S]ection 170.6"]; see also *Lavi*, *supra*, 4 Cal.4th at 1175 ["[W]e must look beyond the 'master calendar department' label and determine whether a given method of assigning cases effectuates the function and purpose of the master calendar rule before we can conclude that an assignment from a 'true' master calendar has occurred for the purposes of [S]ection 170.6"].) The District Attorney also complains the assignment of Judge Clarke is not one for all purposes because the assigned judicial officer could change and it is not a "foregone conclusion" that the petition will remain with Judge Clarke for decision. This is precisely the argument that

9

*Bontilao* rejects, and we reject, as impermissibly speculative. (*Bontilao*, *supra*, at 997-998 ["In *Lavi*, the California Supreme Court rejected the contention that the possibility that the judge assigned to the matter might change due to illness or reassignment defeats the application of the all-purpose assignment exception"].) Finally, the District Attorney argues that if the assignment in this case is an all purpose assignment "then almost all habeas corpus cases" will be deemed all purpose assignments. Exactly right, and we see no problem with that under prevailing law. If the Legislature wants different timeliness rules to apply to judicial peremptory challenges brought in habeas corpus proceedings, it can amend Section 170.6 to clarify the rules that should apply.

Our analysis to this point establishes the all purpose assignment timeliness rule applies to the Section 170.6 motion at issue here. In an argument with more heft to it than the others she offers, the District Attorney asserts the petition was still timely under that rule because her office never made an appearance in the habeas corpus proceeding, which in her view means Section 170.6's deadlines for filing a judicial peremptory challenge never began to run.

In evaluating this argument, it is worth recalling the operative statutory text that governs:[3] "[T]he motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days

---

[3] We follow *Bontilao* and apply the all purpose assignment timeliness rule for criminal cases. (*Bontilao*, *supra*, 37 Cal.App.5th at 999.)

10

after the appearance." (§ 170.6, subd. (a)(2).) We do not read this language the way the District Attorney does, i.e., to permit the District Attorney to wait over a month to file its peremptory challenge despite having received notice from the court of Judge Clarke's assignment.

Though the District Attorney believes she had not yet made an appearance in the action because the informal response had not been filed (which in her view means she had 55 days to file a Section 170.6 motion: the 45 days allotted by Judge Clarke pursuant to a sua sponte extension of time plus ten days thereafter), that is not the correct understanding of the section 170.6 all purpose assignment deadline in a habeas proceeding. Unlike ordinary civil and criminal cases where a formal notice document (a summons, criminal complaint, information, or indictment) begins the proceeding, establishes jurisdiction over the parties, and provides a sure means of identifying who will represent a party in the ensuing court proceedings, in a habeas proceeding no such elaborate process is required to permit notice to be given to an opposing party. The proper petitioner and respondent will be well known from the face of the petition (and prior criminal proceedings). (Pen. Code, § 1475 ["Whenever the person applying for a writ of habeas corpus is held in custody or restraint by any officer of any court of this state or any political subdivision thereof, or by any peace officer of this state, or any political subdivision thereof, a copy of the application for the writ must in all cases be served upon the district attorney of the county wherein the person is held in custody or restraint . . ."].) Thus, for habeas proceedings, Section 170.6, subdivision (a)(2)'s alternative method for determining timeliness—a method that applies when the primary method (notice) is practically

11

impossible because the "party has not yet appeared in the action" (§ 170.6, subd. (a)(2)—will often never come into play. (See *Bontilao*, *supra*, 37 Cal.App.5th at 998 ["For each of the all-purpose assignment rules, the clock begins to run when the party receives notice of the all-purpose assignment"].) In a habeas case, timeliness is to be measured from court-initiated notice of an all purpose assignment and, *only where such notice has not been given*, from ten days after the People's appearance.

This holding not only comports with the statutory language, it best fits the realities of habeas corpus practice. By California statute and rule, habeas petitions must be decided without unnecessary delay. (Pen. Code, § 1476 ["Any court or judge authorized to grant the writ, to whom a petition therefor is presented . . . must, if it appear that the writ ought to issue, grant the same without delay . . ."]; Cal. Rules of Court, rule 4.551(a)(3)(A) ["On filing, the clerk of the court must immediately deliver the petition to the presiding judge or his or her designee. The court must rule on a petition for writ of habeas corpus within 60 days after the petition is filed"].) Permitting a party who concededly has notice of the judge assigned to sit on its hands (as here, for a month or more) before filing a peremptory challenge serves no salutary purpose and instead creates just the sort of unnecessary delay the law abhors.[4]

_____

[4]    In a garden variety habeas corpus proceeding where the court requests an informal response, the response is due within 15 days. (Cal. Rules of Court, rule 4.551(b)(2).) If, as we have held here, the informal response order operates as notice of an all purpose assignment, that means the time to file a peremptory challenge stands in practical harmony with the informal response rules. Depending on the method by which notice of the

Returning to the specific facts of this case, the District Attorney had legal notice of Judge Clarke's all purpose assignment at the latest on March 15, 2020, five days after service of the informal response order (and actual notice on March 13, 2020, when the District Attorney received the order). The District Attorney did not file its Section 170.6 motion until April 15, 2020. That was more than ten days after notice of the assignment. The Section 170.6 motion was therefore untimely, as the trial court correctly found.

## DISPOSITION

The petition for writ of mandate is denied.

**CERTIFIED FOR PUBLICATION**


BAKER, J.


We concur:



RUBIN, P. J.                                          KIM, J.



_____

assignment is served, a Section 170.6 motion would have to be filed on or before the date the informal response is due.


13